[18016. Department One. — April 19, 1893.]

## O. M. THOMPSON, RESPONDENT, v. OTTO BRANDT ET AL., APPELLANTS.

CHANGE OF PLACE OF TRIAL—FORECLOSURE OF MORTGAGE—CONVENIENCE OF WITNESSES—DISCRETION—APPEAL.— In an action to foreclose a mortgage upon lands situated partly in two counties, where the affidavits on the part of the defendants established clearly that the convenience of witnesses would be promoted by a change of the place of trial to the other county in which the suit might properly have been brought, and the record discloses no reason or sufficient showing to the contrary, an order denying the motion of the defendants for such change cannot be justified upon the ground that the granting of such orders is in the discretion of the court, and it will be reversed upon appeal.

APPEAL from an order of the Superior Court of Tulare County refusing a change of venue.

The facts are stated in the opinion:

*Justin Jacobs*, for Appellants.

The affidavits on the part of the defendants were sufficient and the motion should have been granted. (*Woodward* v. *Backus*, 20 Cal. 138; *Gracier* v. *Weir*, 45 Cal. 53; *Howe* v. *Independence Co.*, 29 Cal. 74.)

*N. O. Bradley*, for Respondent.

The affidavits filed on the part of the appellants were insufficient. (*Cook* v. *Pendergast*, 61 Cal. 77; *Nickerson* v. *California Raisin Co.*, 61 Cal. 268; *Palmer* v. *Barclay*, 92 Cal. 199.) Applications for a change of venue are addressed to the sound discretion of the court, and the appellate court will not reverse an order made thereon unless there has been an abuse of such discretion. (*Hanchett* v. *Finch*, 47 Cal. 192; *Clanton* v. *Ruffner*, 78 Cal. 268.)

HAYNES, C. — Defendants moved to change the place of trial from the county of Tulare to the county of Fresno, on account of the convenience of witnesses, and this appeal is from an order denying said motion.

The action is to foreclose a mortgage upon lands, a part of which are in Tulare, and a part in Fresno County. Defendants answered presenting material issues of fact. The affidavit upon which the motion is based was made by defendant Brandt, and shows that defendants' evidence consists of records and files in the court-house at Fresno, including the testimony of a deceased witness, whose name is given, and the testimony of two other witnesses, bankers in Fresno, whose names are also given, that defendants have but one witness in the county of Tulare, and that it is as convenient for said witness to go to Fresno as it would be to go to Visalia. The statement of facts expected to be proved by the two living witnesses at Fresno is sufficient, as is also the affidavit of merits as supplemented by the affidavit of Justin Jacobs. The plaintiff also lives in Fresno.

In plaintiff's affidavit in reply he says he brought the action in Tulare County because his counsel lived there, denies the matters alleged in defendants' answer, alleges that defendant Cadwell is interested in the determination of the cause; but does not deny in any manner the materiality of defendants' witnesses, nor that their convenience requires a change of the place of trial, nor that the ends of justice would be promoted, nor is it alleged that it would cause delay in the trial, nor is the good faith of defendants impugned therein. Cadwell does not make an affidavit in support of the motion, but he joined with his co-defendant in the answer to the complaint, and the motion is made on behalf of both defendants by the same counsel who answered for them, and it is not shown that the motion was not made with his consent. The presumption must be that his counsel had authority to represent him in making this motion. The record does not show the grounds upon which the court denied the motion, and we are at a loss to conceive of any grounds upon which the order appealed from could be justified.

The action could properly have been brought in Fresno County, in which county the greater part of the land lies, and no reason appearing in the record against the change, the order

cannot be justified upon the ground that granting such orders is in the discretion of the court, for here there was no fact or reason against the change, and hence no basis for the exercise of discretion.

The order should be reversed, and the court below directed to enter an order granting the motion.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed, and the court below is directed to enter an order granting the motion.

GAROUTTE, J., PATERSON, J., HARRISON, J.