[Civ. No. 845.  Third Appellate District.—November 8, 1911.]

THERON F. CARR, Appellant, v. ABRAHAM STERN et al., Respondents.

VENUE—ORDER DENYING CHANGE—REVIEW UPON APPEAL—OBJECTIONS TO RECORD—OMISSIONS NOT FATAL—TRANSCRIPT CERTIFIED.—Upon appeal from an order denying a motion for a change of venue, based on the convenience of witnesses and the ends of justice, a hearing thereof upon the merits will not be denied on the ground that the appeal, which was taken under sections 953a, 953b, and 953c of the Code of Civil Procedure, does not show a service of the notice of appeal, nor that an undertaking to pay the cost of the

transcript was given, nor that there was any notice and request for a transcript, where it appears that the requisite transcript was written out in longhand by the appellant, and that the same was properly certified and authenticated by the judge, and is before this court for its consideration.

ID.—APPEAL UNDER NEW METHOD—PRESUMPTION OF NOTICE OF PRESENTATION OF TRANSCRIPT—SERVICE OF NOTICE OF APPEAL OR COST BOND NOT REQUIRED.—Where an appeal is taken under the new method, it is to be presumed from the fact of the judge's approval of the transcript, in the absence of any showing to the contrary, that the clerk gave the attorneys appearing in the cause the requisite notice that the transcript had been filed, and that within five days after such notice it would be presented to the judge for his approval. In the case of such appeal, the service of the notice of appeal upon the adverse party or his attorney is not essential, nor is any cost bond thereon required.

ID.—REFUSAL TO CHANGE VENUE FOR CONVENIENCE OF WITNESSES—ABUSE OF DISCRETION.—The order refusing to change the place of trial for the convenience of witnesses, in the interest of justice, is held to be an abuse of discretion where it clearly appears that the county to which the change is asked will best accommodate all of the witnesses to the accident which resulted in the injury to the plaintiff, and all can be reached by subpoena therefrom, which could not be so reached from the place of the residence of the defendants, and that a far more speedy trial can be had in such other county than in the city and county of San Francisco, where defendants reside, and to which the action had been removed on their demand, and where the showing made by plaintiff is not controverted and there is practically no legal showing in opposition thereto by defendants.

ID.—CONCLUSIONS IN COUNTER-AFFIDAVIT FOR DEFENDANTS.—The statement in the counter-affidavit for defendants that certain witnesses in San Francisco "are necessary and material for the defendants," involves a conclusion of law. Another statement therein to the effect that defendants expect to disprove the statements contained in plaintiff's affidavit, and to prove that the accident was caused by the negligence of the plaintiff himself, and not by or through the negligence of the chauffeur of the defendants, is a mere conclusion of the affiant.

ID.—PROPOSED TESTIMONY OF NONEXPERT AS TO "APPARENT CONDITION OF PLAINTIFF."—The proposed testimony of a nonexpert witness who saw the plaintiff after the accident and "can testify as to his *apparent* condition previous to the time the doctor arrived, and that plaintiff was not injured as badly as he claims to have been," can have but little, if any, tendency to show his *real* condition, or the extent of his injury, where it would not be obvious to the common

mind, but involves only the opinion of such nonexpert witness, without the statement of any material fact upon which the opinion was based.

ID.—PROPOSED IMMATERIAL TESTIMONY AS TO SKILL AND EFFICIENCY OF CHAUFFEUR—QUESTION OF NEGLIGENCE AND PROXIMATE CAUSE. The proposed testimony of many San Francisco witnesses as to the skill and efficiency of the chauffeur of the defendants, who drove the automobile at the time of the injury to the plaintiff, is immaterial to the question at issue, which involves only the inquiry whether at that time he was negligent, and whether his negligence was the proximate cause of the injury to the plaintiff. This inquiry as to the conduct of the chauffeur at that time is to be unembarrassed by any consideration of his general qualifications.

ID.—ABSENCE OF CONFLICT—ENDS OF JUSTICE PROMOTED BY CHANGE OF VENUE—PRIMA FACIE RIGHT OF DEFENDANTS OVERCOME—ERROR OF COURT.—Since it appears that there is no conflicting evidence in the record to preclude this court from considering the same, and it clearly appears therefrom that the interest of all material witnesses and the ends of justice will be promoted by the change of the place of trial as requested by plaintiff, that it is preferable to have all the material witnesses compelled to attend, rather than to have their depositions taken, and it also appears that the plaintiffs have sustained the burden of proof resting upon them to overcome the *prima facie* right of defendants to have the case tried at their place of residence, it is sufficiently established that the court erred in refusing plaintiff's motion.

ID.—RULE OF DISCRETION, WHEN NOT CONTROLLING.—The general rule that the matter of refusing or granting a motion for a change of venue rests in the discretion of the court to which the application is made is not always controlling; but where no reason appears in the record against the change, the order refusing to grant such a motion cannot be justified upon the ground that granting such orders is in the discretion of the court.

APPEAL from an order of the Superior Court of the City and County of San Francisco, refusing to change the place of trial of an action. J. J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

S. W. Charles, Frederick Schneider, and Willard, Swart, Ferrell & McGovern, for Appellant.

Henry Ach, for Respondents.

HART, J.—This is an appeal from an order denying plaintiff's application for a change of the place of trial of this action.

The action was brought to recover the sum of $25,060 for personal injuries alleged by the complaint to have been inflicted upon plaintiff through the carelessness and negligence of defendants.

According to the averments of the complaint, on the morning of the ninth day of July, 1909, while the plaintiff was riding a bicycle on and over a certain highway in the city of Palo Alto, in Santa Clara county, the automobile of defendants, driven by their chauffeur behind and to the rear of plaintiff, ran down the latter, "thereby mashing the sciatic nerve in plaintiff's left leg and mashing the muscles and flesh of plaintiff's left hip, and rupturing him, the said plaintiff, and inflicting upon him injuries both external and internal."

The complaint was filed originally in the superior court in and for the county of San Mateo, but, as disclosed during the course of the oral argument, was, on motion of defendants, removed to the city and county of San Francisco on the ground and a showing that they were residents of said city and county at the time of the commencement of the action. (Code Civ. Proc., sec. 395; *Schilling* v. *Buhne,* 139 Cal. 611, 613, [73 Pac. 431].)

The motion, the denial of which is the cause of the present appeal, was based upon the ground of the convenience of witnesses and the promotion of the ends of justice. (Code Civ. Proc., sec. 397, subd. 3.)

A preliminary objection is, however, made by counsel for the respondents to a review of the record before us for the alleged reason that the appeal is futile under either the old or the new method of taking appeals in civil cases.

It does not appear that the notice of appeal was served on the defendants or their attorneys, or that an undertaking on appeal "to the effect that the appellant will pay all damages and costs which may be awarded against him on appeal," was filed. (Code Civ. Proc., secs. 940, 941.) Hence, it is contended that the appeal, if sought to be taken under the older system, is abortive.

On the other hand, it is insisted that if appellant intended to take his appeal under the new or alternative method, he has not succeeded, because of an omission to comply with the provisions of sections 953a, 953b and 953c of the Code of Civil Procedure in the preparation of the record to be used on appeal.

The first mentioned of the foregoing sections provides that where a vanquished party intends to take an appeal from any judgment or order, he must file a notice with the clerk of the court of such intention and therein request that a transcript of the testimony, instructions, rulings of the court, etc., be made up and prepared, and that thereupon the court shall require the stenographic reporter to transcribe fully and completely a phonographic report of all the proceedings had at the trial.

Section 953b provides for the execution and filing of an undertaking at the time said notice is filed, in an amount to be fixed by the clerk, by which the party giving such notice shall undertake and agree to pay the clerk the cost of preparing the transcript.

The last-mentioned section makes it the duty of the clerk to transmit said record, within ten days after the preparation of the same in the manner prescribed by the two preceding sections, to the clerk of the court to which the appeal is taken.

As a matter of fact, neither method of taking appeals in civil actions was strictly pursued by the appellant. As seen, the notice of appeal was not served on the defendants or their attorneys, nor did the appellant file an undertaking as indemnity for the costs on appeal. These prerequisites were indispensably essential to the perfection of an appeal before the adoption of the new or alternative method.

Nor does the notice contain a request that a transcript of the proceedings be made up and prepared by the clerk; neither was there filed an undertaking by which the appellant undertook and agreed to pay to the clerk the cost of preparing said transcript.

But, with all these omissions in the preparation of the record, we perceive no substantial legal reason why we should

17 Cal. App.—26

not review it and so determine the merits of the controversy which it presents on the present appeal.

We think it is clear, and we shall assume, that the appellant sought to take this appeal under the alternative method, and so viewing the appeal, it is to be observed that there was practically no necessity for the reporter to transcribe the proceedings, for the record on the motion which is the foundation for this appeal consists wholly of the pleadings and affidavits which were already, or in the first instance, committed to longhand writing, and it was, therefore, not necessary that they should be "transcribed." As to the omission to embrace in the notice a request that a transcript of the testimony offered or taken and evidence offered or received be made up and prepared, the reply is that such record was made up, was approved by the judge, and as so prepared and approved is now before us. We may assume, in the absence of a showing to the contrary, from the fact that the judge's approval of the transcript is made to appear in the record, that the clerk gave "the attorneys appearing in said cause notice that said transcript has been filed, and that within five days after the receipt of said notice the same will be presented to the judge for approval."

As to the matter of the requirement of a bond for costs on appeal, we have only to refer to the case of *Estate of McPhee*, 154 Cal. 385, 392, [97 Pac. 878, 881], to show that that requirement of the statute since the adoption of the new method of taking appeals is regarded as a nonessential. The court in that case says: "Nor is there any merit in the point that the appeal should be dismissed for failure of appellant to file an undertaking on appeal for costs. The act under which this appeal is taken does not require the filing of any such bond. It was a matter solely for the legislature to determine whether it would require such a bond to be given and it has dispensed with it." To the same effect is *Mitchell* v. *California etc. S. S. Co.*, 154 Cal. 731, 733, [99 Pac. 202].

It is not provided by section 953b, as it is by section 940 of the code with reference to the undertaking on appeal required by the last-mentioned section, that the appeal is ineffectual unless the undertaking referred to by said section 953b is filed. Indeed, by the terms of section 941c of said

code, the appeal is fully perfected upon following the provisions of section 941b, which requires no notice to the adverse party and no undertaking of any character. As is said in *Mitchell* v. *California etc. S. S. Co.*, 154 Cal. 731, [99 Pac. 202] : "When, upon examining the transcript, it is found that it shows a notice of appeal properly filed, which is sufficient *ipso facto* under the new and alternative method to perfect the appeal, the court will look no further, but will treat a failure to serve the notice or give a cost bond, or an error in attempting to do so, which might have been fatal to the appeal under the old method, as a matter of no legal consequence."

In the same case it is said that "all statutes making provisions in aid of appeals are to be liberally construed and applied." The record here is duly authenticated by the trial judge and certified by the clerk of the court below, and contains all the evidence and proceedings upon which the order appealed from was made. As before stated, we know of no sound reason why we should not review the merits of the controversy.

As to the merits, we think that it is very evident that the trial court abused its discretion in disallowing the motion for the change of the place of trial to San Mateo county.

The plaintiff, by his affidavit, deposes that he has sixteen witnesses, who reside in San Mateo county, and by whom he can prove certain stated facts material to the issues made by the complaint; that the residences of all said witnesses, with the exception of that of Charles M. and Ida M. Carr, are located in the city of Palo Alto, a distance of six miles from Redwood City, the county seat of San Mateo county, and are situated a distance of more than thirty-two miles from the city and county of San Francisco and a distance of sixteen miles from San Jose, the seat of the county of Santa Clara; that Charles M. and Ida M. Carr reside within a distance of six miles from said Redwood City and more than thirty miles from the city and county of San Francisco.

It will not be necessary to detail here the testimony which plaintiff alleges that the witnesses named in his affidavit will give at the trial. It will be sufficient to say generally that some of them, so the affidavit affirms, will testify to the circumstances by which the accident resulting in the injury

to plaintiff happened; others will testify to the physical condition of the plaintiff following the accident and as the result thereof; certain witnesses will give testimony with respect to the condition and width of the highway on which the accident occurred, and the physicians will testify as to the nature of the injuries received by the plaintiff and the effect of such injuries upon him.

Plaintiff further deposes that all the male witnesses whom he has named and whose testimony will be material to his case are professional and business men whose professional and business duties require their personal attention, and that it would cause each and all of plaintiff's witnesses great inconvenience to attend said trial in the city of San Francisco, "owing to the distance to be traveled as above set forth and owing to the crowded condition of the trial calendar" of the department of the superior court of said city and county to which this cause has been assigned as well as of the crowded condition of the calendars of other departments of said court in which jury cases are tried; that thus the attendance of said witnesses in San Francisco for several days would be necessitated; that "were said trial held in said Redwood City, San Mateo county, none of said witnesses would suffer inconvenience, as all of said witnesses reside within a radius of six miles from said Redwood City, and the trial calendar of said superior court of Redwood City is not crowded and said case can easily be set for trial for some definite day and time not far distant."

The counter-affidavit filed by the defendants sets forth that they have some twenty-nine witnesses, all residing in the city of San Francisco, by certain of whom they expect "to disprove the statements of the plaintiff as contained in his affidavit," etc., and "that the accident was caused by the negligence of said plaintiff, and without any negligence on the part of said chauffeur of defendants"; that they expect to and will prove by Elise Stern "that she called at the house of the plaintiff and can testify as to his apparent condition previous to the time the doctor arrived, and that plaintiff was not injured as badly as he claims to have been"; that they expect to and will prove by Abraham Stern "that he is the owner of the automobile driven by William Swain, which is alleged to have run over the said plaintiff; that said Swain had been

in his employ some seven months previous to that time and was a careful, experienced and efficient driver," and that others by whom Swain had been previously employed had told him previous to his employment of said Swain that the latter was "a capable, efficient and careful chauffeur"; that all the other witnesses named in their affidavit are personally acquainted with Swain, have driven with him, and have been driven by him in automobiles at different times, and "know from their own personal observations as well as from the general reputation of said William Swain" that he is a careful, capable and efficient driver, and was more than ordinarily careful in driving an automobile.

The foregoing represents a synoptical statement of the evidence produced by both sides on the motion.

It is plainly apparent, from a mere reading of the affidavit of the defendants, that there is therein practically no showing whatsoever in opposition to the showing made by plaintiff in support of his motion.

In the first place, it is to be said that the defendants, in their affidavit, do not in any manner deny the materiality of · the plaintiff's witnesses, nor that their convenience requires a change of the place of trial, nor that the ends of justice would be promoted, nor is it alleged that it would cause delay in the trial, nor is the good faith of the plaintiff impugned therein. (*Thompson* v. *Brandt*, 98 Cal. 156, [32 Pac. 890].) Nor is there any denial in the statement in plaintiff's affidavit that the calendar of the department of the superior court of the city and county of San Francisco in which this action is pending, as well as the calendars of other departments of said court that try jury cases, are so crowded and congested as to render it uncertain when this cause may be called for trial, and that by reason thereof and under the rules of that court plaintiff's witnesses might be compelled to remain in San Francisco for several days before the cause, although set for a day certain, can be reached, so as to be in immediate readiness to answer when called to testify.

In the second place, there is not contained in the affidavit of the defendants a single fact which would have any material bearing upon the questions of fact tendered by the pleadings.

The statement that the witnesses are "necessary and material for the defendants" involves, manifestly, a conclusion of

law, while the allegation that the defendants expect to disprove the statements contained in plaintiff's affidavit and prove that the accident was caused by the negligence of plaintiff himself and not by or through the negligence of the chauffeur of defendants is a mere conclusion of the affiant.

The statement that Elise Stern will testify that she called at the home of plaintiff after the accident and saw the latter, and "can testify as to his *apparent* condition previous to the time the doctor arrived, and that plaintiff was not injured as badly as he claims to have been," is the only averment that the counter-affidavit contains which even approximates the statement of a material fact, and, as that statement would involve the expression of the opinion of a witness who is not shown to be an expert on the subject to which it would relate, it is most probable that the court would refuse to receive it as evidence of the plaintiff's condition or the character or extent of the injuries he sustained. We do not say that a lay witness is not competent to give testimony descriptive of the physical condition of a person who has been injured and thus disabled, but testimony relating to such matters coming from such a source must be of some material fact or facts from which the jury or the court may infer what the condition of the person was. In other words, the opinion of a nonexpert upon such subjects would hardly be admissible unless the injury is such as that its nature, extent and effect would be obvious to the common mind—such injuries, for instance, as the loss of a limb or some other member of the body. The *apparent* condition of an injured or a disabled person might not be the *real* condition, and testimony thereof by one not an expert on the essential effect of appearances would have very little, if any, tendency to disclose that the injured party "was not injured as badly as he claims to have been."

The testimony which defendants allege that they can produce of the skill and efficiency of Swain, who was the driver of the car when the accident occurred, as a chauffeur, and of the care with which he ordinarily drives and has driven automobiles is obviously immaterial. The question at issue is, not whether the chauffeur as such was capable, careful and proficient in the driving of automobiles, and ordinarily careful when engaged in that work, but whether, on the occasion

of the accident, he was negligent, and that such negligence was the proximate cause of the accident and the consequent injuries to plaintiff. "Whether the act of the defendant is actionable negligence," says Deering on Negligence, section 407, "is to be determined by the character of the act, or omission, and not by the defendant's character for care and caution. Evidence that the defendant is a careful, cautious and prudent man is inadmissible to negative his want of ordinary care. Upon the question of the negligence of the engineer at the time of the collision of two trains, evidence of the general incapacity of the engineer, or of his being subject to fits, is immaterial. The reputation of the driver of a horse and carriage is inadmissible in an action by the owner of another horse killed by a collision therewith."

The same rule is laid down in 2 Thompson on Negligence, page 804, where it is said: "Evidence that the plaintiff was commonly a careful and skillful driver is not admissible to show that when the accident occurred he was in the exercise of due care. The principle is that the question whether a person was at a given time in the exercise of due care is to be resolved upon evidence of what took place at the time, and not upon evidence of the general character he may sustain."

The principle as thus enunciated is approved and applied in the cases of *Towle* v. *Pacific Imp. Co.,* 98 Cal. 342, 344, [33 Pac. 207], and *Cunningham* v. *Los Angeles Ry. Co.,* 115 Cal. 561, [47 Pac. 452]. In the last-named case, where the plaintiff was injured by collision with one of defendant's cars, the court, among other things, said: "The question was, Did the servant exercise ordinary care to avoid the injury? If he did, the plaintiff could not recover, no matter how wanting the servant may have been in general competency; while if he did not exercise such care, plaintiff was entitled to recover, even if the servant possessed the utmost degree of efficiency and skill in the performance of his duty. The sole question, therefore, was, What was the conduct of the servant at the time? And this was to be unembarrassed by any consideration of his general qualifications."

It will thus be observed that, as stated, the defendants have not only wholly failed to deny or contradict the showing made by plaintiff for a change of the place of trial to the county of San Mateo, but have themselves made absolutely no show-

ing that they have necessary and material witnesses who reside in the city of San Francisco or whose convenience would be subserved by retaining the trial in said city. There is, therefore, no question of a conflict of evidence presented which would, under the rule as to a substantial conflict in the evidence, render the decision of the trial court conclusive upon a reviewing court. The evidence is, indeed, all one way, and very clearly discloses that the convenience of all the witnesses whose testimony, it is shown, will be material to the issues of fact and who are, therefore, necessary witnesses, would be subserved by an order changing the place of trial as requested.

That the ends of justice would be promoted by a change of the venue as prayed for by plaintiff is irresistibly inferable from the fact, which is made to appear by his affidavit and which is not denied, that all the witnesses named by plaintiff and whose testimony would be material to the issues of fact, reside at a distance of over thirty miles from the city and county of San Francisco, and could not, therefore, be compelled to attend as witnesses at the trial, if held in said city and county (Code Civ. Proc., sec. 1899; *Naylor* v. *Adams*, 15 Cal. App. 353, [114 Pac. 997]); whereas, they reside within such distance of the county seat of the county to which it is requested that the trial of the action be removed as that they would be subject to the coercive power of the court and consequently their attendance as witnesses at the trial compulsory. It is true, of course, that, should the trial be had in San Francisco, their depositions could be taken, if their personal attendance could not be secured, still it is manifestly always more satisfactory and desirable, in jury cases in particular, to present the testimony first hand to those who must determine the questions of fact than to submit the same through depositions, which, in practical effect, is always a sort of hearsay way of adducing the proofs.

In holding that the trial court erred in denying plaintiff's motion upon the record as made, we are not unmindful of the rule that the defendants have a *prima facie* right to have actions of this character tried in the superior court of the county in which they reside (*Schilling* v. *Buhne*, 139 Cal. 611, 613, [73 Pac. 431]), and that the burden of showing that the convenience of witnesses will be subserved and the

ends of justice promoted in the change is on the plaintiff. Likewise we are not insensible of the rule that the matter of refusing or granting a motion for a change of venue rests in the discretion of the court to which the application is made; but, as is declared in *Thompson* v. *Brandt*, 98 Cal. 155, 156, [32 Pac. 890], where no reason appears on the record against the change, the order refusing to grant such a motion cannot be justified upon the ground that granting such orders is in the discretion of the court.

For the reasons stated herein, the order is reversed.

Chipman, P. J., and Burnett, J., concurred.