[S. F. No. 12054.   Department One.—January 20, 1928.]

BARTHOLOMAE OIL CORPORATION (a Corporation), Respondent, v. ASSOCIATED OIL COMPANY (a Corporation), Appellant.

Smith & Miller, Frederick W. Smith and G. Randolph Miller for Appellant.

Joseph E. Bien, Werner Olds and Frederick Olds for Respondent.

SEAWELL, J.—Defendant, Associated Oil Company, a corporation having its principal place of business in the city and county of San Francisco, appeals from an order of the court below denying its motion for a change of venue to the county of Los Angeles in an action brought against it in the superior court of the city and county of San Francisco by the Bartholomae Oil Company, a corporation having its principal place of business in the city of Los Angeles. The motion was made after issue had been joined by the filing of an answer and after plaintiff had demanded a jury trial, and was based upon an affidavit whereby defendant sought to show that the convenience of material witnesses would be served by the change. (Code Civ. Proc., sec. 397, subd. 3.)

The complaint alleges the conversion by defendant of a certain oil derrick and pipe and fittings, to the damage of plaintiff in the sum of $6,050. Defendant in its answer set up ownership in itself and in "three separate and affirmative defenses" set forth certain facts upon which it relied to establish its title. The property alleged to have been converted was located upon land known as the Whittier Sewer Farm situate in the city of Whittier, county of Los Angeles, and, according to the allegations of the answer, was property affixed to and permanently resting upon the premises which became the property of the individuals from whom defendant purchased it upon the failure of plaintiff to remove it from said land within the ninety-day period allowed by the terms of "an agreement and partial assignment" entered into between defendant's transferors and the persons through whom plaintiff derived title, although all other property upon said premises was removed within the time allowed.

Defendant in its affidavit for a change of venue offered to prove the facts concerning the failure of plaintiff to remove the property here sued for, upon which it relies to establish its title, by witnesses therein named who reside in the county of Los Angeles and who, it is averred, are professional and business men who would be greatly inconvenienced by coming to San Francisco for trial. According to the averments

of the affidavit, the witness Goodell was assistant superintendent of the Whittier Sewer Farm on which the property sued for was located and observed the premises every day; the witness Thomas is superintendent of the Santa Fe Springs Division of the defendant and inspected the property on the premises in April, 1924, on which date all other property had been removed; the witness Ainsley is head rig builder for defendant and also inspected the property in April, 1924, and will testify to its value being less than the amount named in the complaint; the witness Kemmerer, a city trustee of Whittier and chairman of the sewer farm committee, visited the premises and inspected them frequently; the witness Hanawalt, as general foreman in charge of construction of a city sewer system on the property, resided on the premises and worked there daily between June 4, 1923, and April 8, 1924; the witness Smullin, in the business of drilling oil wells, the witness Crossen, a well driller and rig builder, and the witness Kohler, formerly general superintendent of the La Habra Midway Oil Company, all of whom are familiar with the property here sued for, will testify to its reasonable value.

By these witnesses defendant desires to prove the allegations of its answer. The evidence is clearly material, since it would tend to negative plaintiff's claim of ownership and establish defendant's title, whether defendant's defense be regarded as founded upon the theory that the property was of the kind designated as fixtures, to which plaintiff lost title by a failure to remove it from the premises within the ninety-day period, or as based on the proposition that, irrespective of the principles of the law relating to fixtures, the property became vested in defendant's transferors by virtue of an abandonment.

Respondent in its counter-affidavit avers that A. C. Harvey and W. H. Braun, its transferors, are material witnesses on its behalf and that said witnesses reside in the county of Alameda and hence are more conveniently situated with reference to San Francisco than Los Angeles. However, the facts which plaintiff avers that it expects to prove by said witnesses would not in anywise defeat or affect a title acquired by defendant in the manner set forth in the answer. By said witnesses plaintiff avers that it expects to prove a certain agreement between Harvey and Braun, its

transferors, and defendant's transferors and the sale to it of the property here sued for. Defendant itself in its answer alleges the execution and recordation of the agreement between Harvey and Braun, on the one hand, and its transferors on the other, and it could well admit the sale to plaintiff without weakening its proposed defense. The convenience of said witnesses cannot, therefore, serve as a reason for retaining the case in San Francisco. The counter-affidavit consists largely in a denial of the materiality and relevancy of the testimony concerning the failure to remove the property herein sued for, but this testimony we deem pertinent to the most important issue in the case, to wit, plaintiff's loss of title by a failure to remove the property. Plaintiff states no theory of the facts in rebuttal of defendant's defense which would render immaterial the facts defendant expects to prove. Neither does it claim that defendant can prove the facts concerning the failure to remove the property by other witnesses than those named, who reside in the county of Los Angeles, nor offer to prove by witnesses of its own, for whom San Francisco would be a more convenient place of trial than Los Angeles, the falsity of the facts concerning which defendant avers its witnesses will testify.

From the showing made by the parties in their affidavits and from the record, upon which alone the motion was made and denied, it appears that all witnesses upon behalf of defendant who will be required to testify to material facts reside in the county of Los Angeles. Plaintiff has failed to aver that witnesses who will testify to facts aiding its case reside without the county of Los Angeles or would be convenienced if San Francisco, rather than Los Angeles, were the place of trial. The transaction arose entirely within the county of Los Angeles and it is plaintiff, with its principal place of business in Los Angeles and the party demanding a jury trial, which is resisting the transfer. We are of the view that under the circumstances the denial of the motion for a change of the place of trial from the city and county of San Francisco to the county of Los Angeles constituted an abuse of discretion and that the order should be reversed. (See *Carr* v. *Stern*, 17 Cal. App. 397 [120 Pac. 35], and *Thompson* v. *Brandt*, 98 Cal. 155 [32 Pac. 890].) "It is true, of course, that should the trial

be had in San Francisco, their depositions [that of non-resident witnesses] could be taken, if their personal attendance could not be secured, still it is manifestly always more satisfactory and desirable, in jury cases in particular, to present the testimony first hand to those who must determine the questions of fact than to submit the same through depositions. . . . '' (*Carr* v. *Stern*, *supra*.)

The order appealed from is reversed.

Curtis, J., and Preston, J., concurred.