[Civ. No. 11052.   Second Appellate District, Division Two.—September 21, 1936.]

THE FIRST–TRUST JOINT STOCK LAND BANK OF CHICAGO, Respondent, v. ALICE R. MEREDITH, Appellant.

William M. Hiatt and John M. Hiatt for Appellant.

Freston & Files and Ralph E. Lewis for Respondent.

CRAIL, P. J.—This is an appeal by defendant from an order denying a change of place of trial from the county of Los Angeles to that of Tulare. Plaintiff brought this suit in the county of Los Angeles to collect moneys claimed to be due under the provisions of a promissory note secured by a mortgage on land in Iowa executed by defendant as well as her husband and Harlan Meredith. At the time the action was commenced the husband was dead and Harlan Meredith was a resident of Iowa and his wife was made the sole defendant.

Defendant in her amended answer, among other things, set up the defense that there was no consideration for the execution by her of the said note and mortgage and that she executed said instruments for the sole purpose of releasing her inchoate right of dower in the Iowa land to the extent

that her dower right would have taken precedence over plaintiff's mortgage. Thereafter plaintiff moved for a judgment on the pleadings, the motion was granted and the judgment was entered. An appeal was taken by defendant from this judgment and the Supreme Court reversed the judgment, holding that the amended answer was sufficient to raise an issue of fact and that defendant was entitled to an opportunity of proving that her signatures to the instruments were without consideration and for the sole purpose of releasing her dower right as against the mortgage and that such was the intention of the parties. (*First-Trust etc. Bank* v. *Meredith,* 5 Cal. (2d) 214 [53 Pac. (2d) 958].)

In order to more clearly present this case which in California is somewhat anomalous we quote the following parts of the Supreme Court's opinion: ''The defendant interposed defenses based on allegations that the note and mortgage signed by her were without any consideration and that her signature thereto was obtained solely for the purpose of releasing her contingent right of dower in the real estate involved; that the plaintiff knew the purpose of her signature to said instruments and placed no reliance on the personal credit of the defendant in the repayment of the loan; that under the laws of the state of Iowa a wife incurs no personal liability where the sole purpose of her signature is to relinquish her right of dower in the mortgaged property. . . . Both parties to the action appear to concede that the question whether the defendant is to be held personally liable under the facts pleaded, . . . is governed by the law of the state of Iowa. The law of that state is therefore assumed to be the applicable law (*Pritchard* v. *Norton,* 106 U. S. 124 [1 Sup. Ct. 102, 27 L. Ed. 104]), of which the court will take judicial notice. (Sec. 1875, subd. 3, Code Civ. Proc.) In a number of the decisions of the supreme court of the state of Iowa it has been held that in an action between the parties to the note and mortgage, a wife may defend against an attempt to impose liability on her by virtue of her signature on the ground that she received no consideration and that she signed merely for the purpose of disposing of her dower right and that her signature was obtained by the payee for no other purpose. In those cases it appears to be recognized that allegations to that effect, *if supported by the proof of the facts surrounding the negotiations between the*

*parties,* will constitute a complete defense to any action as against the wife. . . . Whether she can support her plea by proof which will be deemed sufficient under the decisions of the supreme court of Iowa is obviously a question of fact to be determined upon a trial of the issues raised by her answer." Numerous Iowa cases are referred to in the opinion.

After the Supreme Court decision and before the cause came on for retrial in the superior court the defendant served and filed her notice of motion to change the place of trial to Tulare County based upon the ground that the convenience of witnesses and the ends of justice would be promoted by the change. The motion was supported by the affidavit of the defendant which set forth, among other things: That the defendant resided in Tulare County and was of the age of eighty-five years and in a poor and weakened condition of health; that it would be a great hardship upon her and perhaps dangerous to her health and life to journey to Los Angeles to attend the trial as a witness, and that she believed and expected that she would be able to attend the trial in Tulare County. It also appeared from her affidavit and from paragraph XI of her amended answer that her defense was of such a nature that it could not be satisfactorily presented to the triers of fact without her presence as a witness. Defendant's affidavit further showed that Harlan Meredith was one of the cosigners of the instruments; that he was a resident of Tulare County and could not be compelled to attend a trial at Los Angeles; also that a witness, John T. Fuller, resided in Tulare County. Her affidavit further set forth certain evidence which she expected all three of said witnesses to testify to, which evidence was relevant and material under the issues of the case.

In addition the defendant's affidavit stated: "that all of the witnesses for the plaintiff reside either in the State of Illinois or in the State of Iowa; and that it will be as convenient for the witnesses of the plaintiff to attend the trial of this action in the County of Tulare, State of California, as it would be for them to attend such trial in the County of Los Angeles."

In opposition to the defendant's motion the plaintiff filed a counter-affidavit sworn to by one of its attorneys. This

affidavit nowhere indicates that a single witness will be convenienced by a trial in Los Angeles County, or inconvenienced by a change to Tulare County. It nowhere indicates that affiant or anyone else will take the stand at the trial and testify as a witness to the matters set forth in the affidavit; neither the name nor the place of residence of a single witness is given in the affidavit; no attempt is made in the plaintiff's affidavit to contradict the affidavit of the defendant in regard to the place of residence of her witnesses, nor to deny that they will testify as alleged; nor is there any denial that all of the plaintiff's witnesses are residents of other states and could as easily attend the trial in Tulare County as in Los Angeles County. ■ Plaintiff's counter-affidavit was therefore fatally defective. (*Pascoe* v. *Baker*, 158 Cal. 232 [110 Pac. 815]; *San Jose Hospital* v. *Etherton*, 84 Cal. App. 516 [258 Pac. 611].)

■ The rule is well settled, of course, that a motion for a change of venue grounded upon the convenience of witnesses rests largely in the discretion of the trial court, the exercise of which will not be disturbed on appeal in the absence of a showing of its abuse. (*Wrin* v. *Ohlandt*, 213 Cal. 158 [1 Pac. (2d) 991].) But, where there *is* a showing that the convenience of witnesses and the ends of justice will be promoted by the change and there is absolutely no showing whatever to the contrary and a change has been denied, then there has been an abuse of discretion and there is no conflict of evidence to sustain the decision of the trial court. In the case of *Carr* v. *Stern*, 17 Cal. App. 397, 407 [120 Pac. 35], the court said: "It will thus be observed that, as stated, the defendants have not only wholly failed to deny or contradict the showing made by plaintiff for a change of the place of trial to the county of San Mateo, but have themselves made absolutely no showing that they have necessary and material witnesses who reside in the City of San Francisco or whose convenience would be subserved by retaining the trial in said city. There is, therefore, no question of a conflict of evidence presented which would, under the rule as to a substantial conflict in the evidence, render the decision of the trial court conclusive upon a reviewing court." While it is true that under the law the depositions of witnesses may be taken if their personal attendance cannot be enforced, still it is manifestly always more satisfactory

and desirable to present the testimony first hand to those who must determine the questions of fact than to submit the same through depositions. (*Bartholomae Oil Corp.* v. *Associated Oil Co.*, 203 Cal. 176, 179 [263 Pac. 516].)

On its part the plaintiff calls attention to the fact that the motion for change of venue was made after the case had gone once to the Supreme Court and contends that the case had been remanded by the Supreme Court for the taking of evidence upon a single issue and that defendant's motion for a change of venue should not be granted except under the most unusual circumstances, for the reason that it would require that part of the facts be tried in one county and part in another. The cause was "remanded for further proceedings consistent with the views herein expressed" and, if evidence is to be taken only upon a single issue, it is because only one issue of fact remains in the case for trial. The case will come on for trial on the merits exactly as if there never before had been a trial of the case. In fact, at the first trial, the case went off on issues of law solely.

Plaintiff further contends that a *party* is not a witness within the meaning of the code section governing motions for change of venue and that defendant should not be counted as one of the witnesses whose convenience is to be taken into consideration, citing *Wrin* v. *Ohlandt, supra;* 11 California Jurisprudence Ten-year Supplement, page 290. It is true that the convenience of parties as such is not to be taken into consideration as a factor to be considered in a motion for change of place of trial based upon the convenience of witnesses, but it is also true that sometimes parties are witnesses and that as witnesses their convenience or inconvenience is a factor to be considered. This is so at least where the witness concerned is the defendant; and in this case there should be taken into consideration the extreme age and physical incapacity of the defendant witness. Furthermore, the convenience of witnesses other than defendant is involved in the instant case.

Finally the plaintiff contends that the issue of fact which remains "would be determined in turn by proof as to whether there had been a prior binding contract between the lender and the husband under which the lender would have been bound to advance money without the signature of the wife. No other point is relevant" (citing *Northern*

*Trust Co.* v. *Anderson,* (Iowa) 262 N. W. 529), " . . . parol evidence would not be admissible to show the wife's intention in executing the note".

How "the facts surrounding the negotiations between the parties" (quoting the language of *First-Trust etc. Bank* v. *Meredith, supra,* which is the law of the case) may be shown without the benefit of parol evidence is not explained to us by the plaintiff. How the defenses, that a signer of a note received no consideration but signed the promise to pay by inadvertence or mistake and only to release her dower rights in the mortgaged land and that such was the intention of the parties, could be proved without resorting to parol evidence is also not explained in the plaintiff's brief.

■ It was not incumbent upon the defendant in her affidavit supporting her application for a change of venue to prove her entire case. Neither will she be limited at the trial to the evidence which she refers to in her affidavit. The issue on the motion for a change of place of trial was merely as to the convenience of witnesses and the ends of justice. The conclusion is inescapable that the motion should have been granted.

Order reversed.

Wood, J., and Gould, J., *pro tem.,* concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 19, 1936, and the following opinion then rendered thereon:

THE COURT.—In denying the petition for hearing herein after decision by the District Court of Appeal of the Second District, Division Two, we withhold approval of the statement in the opinion that the convenience of witnesses who are parties is a factor in determining a motion for change of venue on the ground of convenience of witnesses.