[Civ. No. 21423.   Second Dist., Div. One.   Feb. 15, 1956.]

C. W. SEYBERT et al., Respondents, v. COUNTY OF IMPERIAL et al., Defendants; JAMES GIBSON et al., Appellants.

Dickenson, Sattinger & McKee, Crider, Tilson & Ruppe and Jerome M. Budinger for Appellants.

Robert S. Butts for Respondents.

FOURT, J.—In this action for personal injuries, the plaintiffs pray for a money judgment. The defendant Roland Gibson (sued herein as Rowland Gibson and hereafter referred to as Roland Gibson) resides in Los Angeles County. All of the other defendants and the plaintiffs reside in the county of Imperial. The accident in question occurred on April 11, 1954, at Weist Lake, an inland body of water located in and allegedly owned by the county of Imperial. An unverified complaint was filed in the Superior Court in the County of Los Angeles on September 14, 1954.

On October 14, 1954, an attorney from a law firm of El Centro, representing certain of the defendants other than the county of Imperial, filed his affidavit for an order extending the time within which to plead. The attorney set forth in his affidavit, among other things, that he intended to move for a change of venue and that it would be necessary to secure the affidavits of the various defendants.

On November 4, 1954, the appearing defendants filed their answer and concurrently therewith filed a notice of motion for change of venue, setting forth in the notice that the grounds for the change were that at the time of the commencement of the action, James Gibson, Pauline Gibson (sued herein as Alma Gibson and hereafter referred to as Pauline Gibson) and Ed Rutherford were residents of the county of Imperial and that Roland Gibson (the resident of Los Angeles county) was not a proper party and had been named for the sole purpose of having the action tried in the Superior Court in Los Angeles County, and that the Superior Court in the County of Imperial was the proper court for trial of the case. Concurrently with the notice there was filed the affidavits of Roland Gibson, Pauline Gibson, James Gibson

and Ed Rutherford, in support of the motion. An affidavit of Robert Butts, the attorney for the plaintiffs in opposition to the motion was filed on November 19, 1954. The motion came on to be heard on November 22, 1954, and was continued to December 6, 1954.

An unverified first amended complaint was filed on November 29, 1954. (So far as appears from the record presented to us, no appearance has as yet been made on the first amended complaint.) A supplemental affidavit of James Gibson was filed on December 1, 1954. On December 6, 1954, the motion was heard and denied.

On January 12, 1955, James Gibson, Roland Gibson, Pauline Gibson and Ed Rutherford caused to be filed a notice of motion to change venue from the Superior Court in Los Angeles County to the Superior Court in Imperial County. The notice set forth that the motion would be made upon the ground that the convenience of witnesses and the ends of justice would be promoted by changing the place of trial to the Superior Court in the County of Imperial. The affidavit of James Gibson set forth in substance that he and all of his witnesses resided in the county of Imperial within 15 miles of El Centro and more than 207 miles from Los Angeles. He further set forth the names of the eight (8) witnesses he expected to call and the substance of the testimony he expected each to give. A reading of this affidavit would indicate that each of such witnesses, with one exception, saw what took place either before, at the time of or immediately after the accident, and consequently are extremely important witnesses to a proper disposition of the case.

No affidavits were filed by the plaintiffs in opposition to the defendants' affidavits in reference to the claim of convenience of witnesses and promotion of justice.

The motion came on to be heard on January 19, 1955, and was at that time continued to February 9, 1955, at which time it was submitted. On February 15, 1955, the motion was denied.

This appeal was taken by James Gibson, Roland Gibson, Pauline Gibson and Ed Rutherford. Appellants' contention is that there was an abuse of discretion and that under the circumstances the motion should have been granted.

Respondents contend, in substance, that but one right is given to a defendant in a personal action to move to change the place of trial of the action to the county of his residence

and but one time fixed when he may assert it; that in this case the defendants made their motion to change on November 4, 1954, and it was denied. The respondents argue that if the defendants wanted to change the place of trial for the convenience of witnesses and the promotion of justice, they should have filed and had heard such motion at the time of the original motion to change the place of trial, and not having done so, are now foreclosed.

The order appealed from does not specify the grounds for the denial.

The first motion which was made in the case at bar was upon the grounds that at the time of the commencement of the action three of the four answering defendants were residents of the county of Imperial and that the fourth defendant was not a proper party to the action and was named solely for the purpose of having the action tried in Los Angeles County; that the county of Imperial was the proper place for the trial. The plaintiffs in that instance caused to be filed a counteraffidavit and the court denied the motion. The motion was made under the provisions of section 395, Code of Civil Procedure.

The second motion was made upon the ground that the convenience of witnesses and the ends of justice would be promoted by changing the place of trial to the county of Imperial. That motion was made under the provisions of section 397, Code of Civil Procedure.

Section 395 of the Code of Civil Procedure provides in part as follows:

"In all other cases, except as in this section otherwise provided, and subject to the power of the court to transfer actions or proceedings as provided in this title, the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action. If the action be for injury to person, . . . or negligence, either the county where the injury occurs . . . or the county in which the defendants, or some of them, reside at the commencement of the action, shall be a proper county for the trial of the action. . . . If any person is improperly joined as a defendant or has been made a defendant solely for the purpose of having the action tried in the county, city and county, or judicial district where he resides, his residence must not be considered in determining the proper place for the trial of the action."

Section 396b of the Code of Civil Procedure provides in part as follows:

"Except as otherwise provided in Section 396a, if an action or proceeding is commenced in a court having jurisdiction of the subject-matter thereof, other than the court designated as the proper court for the trial thereof, under the provisions of this title, the action may, notwithstanding, be tried in the court where commenced, unless the defendant, at the time he answers or demurs, files with the clerk, or with the judge if there be no clerk, an affidavit of merits and notice of motion for an order transferring the action or proceeding to the proper court, together with proof of service, upon the adverse party, of a copy of such papers. Upon the hearing of such motion the court shall, if it appears that the action or proceeding was not commenced in the proper court, order the same transferred to the proper court; . . . provided further, that in any case, if an answer be filed, the court may consider opposition to the motions, if any, and may retain the action in the county where commenced if it appears that the convenience of the witnesses or the ends of justice will thereby be promoted."

Section 397 of the Code of Civil Procedure provides in part as follows:

"The court may, on motion, change the place of trial in the following cases:

. . . . . . . . . .

"3. When the convenience of witnesses and the ends of justice would be promoted by the change;"

The rule laid down by the Supreme Court in *McNeill & Co.* v. *Doe,* 163 Cal. 338, 340 [125 P. 345], and followed in *Yellow Mfg. Accept. Corp.* v. *Stoddard,* 93 Cal.App.2d 301, 305 [208 P.2d 1040], is not applicable to the case before us, since in each of those cases the successive motions for change of venue were made upon the same ground urged in the first motion, namely nonresidence of the defendant.

The case of *McNeill & Co.* v. *Doe, supra,* cited by both parties herein, was commenced in Fresno County and was in claim and delivery to recover certain personal property from the defendant. On June 9, 1910, the defendant filed a demurrer to the complaint and at the same time served notice and demand for a change of the place of trial to Tulare County on the ground he was a resident of the latter county when the action was commenced. The demand was accom-

panied by what purported to be an affidavit of merits. Before the day of hearing, the defendant filed a supplemental affidavit of merits. The motion was denied on June 20, 1910, as the affidavits of merits were radically defective. No appeal was taken from that order. On July 5, 1910, the defendant filed his answer and therewith served another notice of demand for a change of place of trial on the ground of his residence in Tulare County, where the action was commenced and on the further ground of the convenience of witnesses. On July 18th, the motion on both grounds was denied; properly as applying to the convenience of witnesses, as the affidavit of merits contained neither the names of the witnesses nor any statement of the matters as to which they would testify, and properly as applying to the demand for a change on the ground of residence of the defendant. No appeal was taken from that order.

On August 27, 1910, the defendant again served a notice and demand for a change of place of trial, partly on the ground of his residence in Tulare County at the commencement of the action and on the further ground of convenience of the witnesses, and filing therewith an affidavit of merits addressed to both grounds. The plaintiff filed a counter-affidavit on the matter of convenience of the witnesses. The court denied the motion.

The Supreme Court, in deciding the case, said (at p. 340) :

"The order appealed from as far as it denied the application for a change of the place of trial on the ground of the residence of the defendant was correct."

The court went on further to set forth that section 395 of the Code of Civil Procedure gave to the defendant in that case the right to a trial in the county where he resided when the action was brought; that the procedure for securing that right was contained in section 396 of the Code of Civil Procedure. The court said (pp. 340-341) : "*Thereunder* but one right is given to a defendant to move on *that* ground, and but one time fixed when he may assert *it* and he is only then entitled to an order therefor upon a sufficient showing in his affidavit of merits. The appellant here was required to make his motion for the change when he filed his demurrer and he did so, but as his affidavit of merits was entirely insufficient within the plain requirements of the law, the court properly denied his motion. He accepted this ruling as correct, as it undoubtedly was, and it was conclusive of any right to subsequently renew his motion on his own initiative

and *on the same ground.* His right to move ended with that denial. Hence, when he made this third motion on the *same ground* of residence in Tulare County, the court properly denied it as his right to move in *that* respect was exhausted with the denial of his original application.'' (Emphasis added.)

The court went on further to say (p. 341):

''As to the denial of the motion on the ground of the convenience of witnesses. Appellant lays but little stress for a reversal of the order on this point. Whatever other reasons might be assigned in support of the order of the court denying a change on this ground, it is sufficient to say that while the affidavits on the part of appellant tended to show some inconvenience in the attendance of his witnesses should the trial be held in Fresno County, the affidavit of the plaintiff in some degree tended to show a like inconvenience to the witnesses of plaintiff if the trial was changed to Tulare County. The matter of granting a change of the place of trial on the ground of convenience of witnesses is a matter addressed to the sound discretion of the superior court and this court will not interfere with its exercise unless it appears that such discretion has been abused or injustice done by the ruling. The situation presented here does not admit of such a claim.''

In the case of *Yellow Mfg. Accept. Corp.* v. *Stoddard, supra,* 93 Cal.App.2d 301, the appellant Stoddard and one French were named as defendants in an action brought in the Superior Court in Alameda County for damages based upon contract. Appellant filed a demurrer and a notice of motion for change of venue and affidavit setting forth that he never had been a resident of Alameda County, but was a resident of Los Angeles County, and that the contract was made and performed there. Plaintiff filed no counteraffidavit, but the complaint set forth that the contract was made, so far as the plaintiff was concerned, in Alameda County. There was no showing in that proceeding that the codefendant was not a resident of Alameda County. The court denied the motion for a change of venue and sustained the demurrer. No appeal was taken from that order. Plaintiff thereafter filed an amended complaint and appellant filed a demurrer, a notice of motion under section 473 of the Code of Civil Procedure to vacate the order denying the first motion, a new motion for change of venue and an affidavit showing ap-

pellant's residence in Los Angeles County and codefendant's residence in Stanislaus County, and that the contract was entered into and was to be performed in Los Angeles County. The court denied both motions. No probative facts were set up or shown in the proceedings under section 473 and that motion was properly denied. In the opinion, the court said, among other things, at page 306:

"While it is true that a defendant's right to have the action tried in the county of his residence is a substantial and material right (*Thurber* v. *Thurber,* 113 Cal. 607 [45 P. 852]), it is a right which can be exercised only by a proper application to the court. (*McNeill & Co.* v. *Doe, supra* [163 Cal. 338].) Here, defendant made his application, but obtained a ruling adverse to him, and is not now entitled to a second application upon *the same grounds* (in the absence, of course, of circumstances which, under section 473, would entitle him to relief.) To allow a second application *under the circumstances of this case* would mean that there never would be a *final* ruling of the court on the question of venue. A defendant could bring not only a second but a third and fourth application." (Emphasis added.)

It is to be noted that in the McNeill case, the second and third motions for change of venue, in addition to being upon the ground of nonresidence were also upon the further ground of convenience of the witnesses. With respect to the ground of nonresidence, the court stated that defendant having once asserted his right to a trial in the county where he resided at the time the action was brought, and such motion having been properly denied, it was conclusive on any right to subsequently renew such motion on the *same* ground. The court then considered the matter of the denial of the defendant's motion to change the place of trial upon the ground of convenience of the witnesses. Had the court been of the opinion that having once made an application for a change of venue, the defendant was precluded from thereafter making another application therefor upon a different ground, it could have sustained the denial of the third motion as to both grounds under the one rule. On the contrary, however, the court considered separately the question of convenience of the witnesses and the denial of the motion was affirmed upon the ground that affidavits tending to show some inconvenience in the attendance of their witnesses had been filed by each of the parties and the

matter of granting a change of the place of trial on such ground being addressed to the sound discretion of the trial court, its decision would not be disturbed in the absence of a showing of an abuse of discretion.

There is no merit in respondents' contention that "where the pleadings and the circumstances remain the same at the time of the second motion as they were at the time of the first motion, the moving party is barred from a second consideration or attempt to effect a change of venue." *Connell* v. *Bowes,* 49 Cal.App.2d 542 [122 P.2d 71], cited by respondents in support of their contention, is not applicable to the facts in the instant case. In that case, which was an action on a contract, the complaint alleged that the contract was made and entered into in Alameda County. Defendants filed a notice of motion for change of venue, accompanied by affidavit, averring the residence of all the defendants in the city and county of San Francisco. No reference was made in the motion or in the supporting affidavit to the allegation in the complaint that the contract was entered into in the county of Alameda. The motion was denied. Subsequently defendants filed a second motion for change of venue to the city and county of San Francisco, also based upon the residence of defendants therein, and in addition averred that the contract was entered into, and to be performed, in said city and county. They denied the allegation in the complaint that it was entered into, or to be performed, in the county of Alameda. Upon appeal from the denial of the second motion the court stated (p. 544) that if the complaint and the conditions remained unchanged, a second motion for a change of venue should be discouraged; that "[i]t was never contemplated that determination of the merits of an action should be delayed by repetition of a motion for change of venue when it appears that the second motion is based upon a ground that could have been presented upon the first motion."

In the cited case, the allegation as to the place in which the contract was made and entered into appeared on the face of the complaint, and defendants could have urged that ground at the time of their first motion. The facts upon which to base a motion for a change of venue based upon the grounds of convenience of the witnesses and that the ends of justice would be promoted obviously would not, under all circumstances, be within the knowledge of defendant at the time he is required to file a motion for change of venue upon

the grounds of nonresidence. It is more often the rule than the exception that the matter of the convenience of witnesses is not discovered until some time after the cause is at issue. In the case at hand, if defendants were denied their right to move for a change of venue on the grounds of the convenience of witnesses because they could not show a "change of circumstances," the plaintiffs, if they are so minded, could apparently dismiss as to the Los Angeles County resident and thereafter we would have the absurd situation of all the parties and all the witnesses being residents of Imperial County, litigating over an accident which took place in Imperial County in a court in the county of Los Angeles, which is some 15 months behind in jury cases and some 200 miles away from the county of their residence. The net result would be that all of the witnesses will be seriously inconvenienced if they appear at all, and the defendants cut off from a right to have the cause tried in the county where they reside. The Legislature certainly did not intend any such situation.

It is not contended that the defendants have unreasonably delayed the bringing of their motion, nor is there any showing that they are seeking to delay the determination of the action on its merits by a repetition of a motion for change of venue based upon grounds they could have presented upon their first motion. The record before us indicates that the amended complaint has never been demurred to nor answered and that therefore the case is not, at this time, at issue. It is difficult to see how or in what manner the plaintiffs could in anywise be prejudiced by a granting of the motion for a change of venue.

The only remaining question is whether there was an abuse of discretion by the trial court in denying the motion. We think there was.

It appears to us from the record that the convenience of the witnesses and the ends of justice would be promoted by a change of the place of trial to the county of Imperial. The accident occurred in Imperial County. At least six eye-witnesses to the events surrounding the accident are all residents of Imperial County. These witnesses reside within 15 miles of El Centro, the site of the courthouse in Imperial County. The distance from where the witnesses reside to the county of Los Angeles is about 200 miles. There was no showing by the plaintiffs that they have any necessary and material witnesses who reside in Los Angeles County, or

whose convenience would be aided by retaining the trial in Los Angeles County. There was, therefore, no conflict of evidence presented to the court.

It would be difficult to imagine a situation where it would be more inconvenient to the witnesses if the place of trial was to be in Los Angeles County. Contemplate the difficulty that would be encountered if the jurors or the court or either of the parties determined that they would like to view the scene where the accident occurred. In this particular case a view of the place where the accident happened might well be essential to a proper understanding of the testimony of the witnesses. There are many other difficulties and inconveniences which are immediately apparent. If the place of trial is to be in Los Angeles County, personal attendance of the witnesses cannot be compelled (Code Civ. Proc., § 1989). It is true that the depositions of the witnesses could be taken, but as stated in *Carr* v. *Stern*, 17 Cal.App. 397, at page 408 [120 P. 35], ". . . still it is manifestly always more satisfactory and desirable, in jury cases in particular, to present the testimony first hand to those who must determine the questions of fact than to submit the same through depositions, which, in practical effect, is always a sort of hearsay way of adducing the proofs."

In the case of *Bartholomae Oil Corp.* v. *Associated Oil Co.*, 203 Cal. 176 [263 P. 516], the plaintiff brought the action in San Francisco. The defendant made a motion for a change of venue to the county of Los Angeles upon the grounds of convenience of material witnesses (Code Civ. Proc., § 397, subd. 3). The court stated (p. 179):

"From the showing made by the parties in their affidavits and from the record, upon which alone the motion was made and denied, it appears that all witnesses upon behalf of defendant who will be required to testify to material facts reside in the county of Los Angeles. Plaintiff has failed to aver that witnesses who will testify to facts aiding its case reside without the county of Los Angeles or would be convenienced if San Francisco, rather than Los Angeles, were the place of trial. The transaction arose entirely within the county of Los Angeles and it is plaintiff, with its principal place of business in Los Angeles and the party demanding a jury trial, which is resisting the transfer. We are of the view that under the circumstances the denial of the motion for a change of the place of trial from the city and county of

San Francisco to the county of Los Angeles constituted an abuse of discretion and that the order should be reversed. (See *Carr* v. *Stern,* 17 Cal.App. 397 [120 P. 35], and *Thompson* v. *Brandt,* 98 Cal. 155 [32 P. 890].)"

In the case of *Thompson* v. *Brandt,* 98 Cal. 155 [32 P. 890], the defendants moved to change the place of trial on account of the convenience of witnesses; the motion was denied. The plaintiff in that case did not deny in any manner the materiality of defendants' witnesses, nor that their convenience required a change of the place of trial, nor that the ends of justice would be promoted, nor that it alleged that it would cause delay in the trial, nor was the good faith of the defendants impugned. The court stated, in its decision, as follows (pp. 156-157) : ''The record does not show the grounds upon which the court denied the motion, and we are at a loss to conceive of any grounds upon which the order appealed from could be justified.

"The action could properly have been brought in Fresno County, in which county the greater part of the land lies, and no reason appearing in the record against the change, the order cannot be justified upon the ground that granting such orders is in the discretion of the court, for here there was no fact or reason against the change, and hence no basis for the exercise of discretion.

"The order should be reversed, and the court below directed to enter an order granting the motion."

In *First-Trust Joint Stock Land Bank* v. *Meredith,* 16 Cal. App.2d 504, at page 508 [60 P.2d 1023, 62 P.2d 369], the court stated: "The rule is well settled, of course, that a motion for a change of venue grounded upon the convenience of witnesses rests largely in the discretion of the trial court, the exercise of which will not be disturbed on appeal in the absence of a showing of its abuse. (*Wrin* v. *Ohlandt,* 213 Cal. 158 [1 P.2d 991].) But, where there *is* a showing that the convenienec of witnesses and the ends of justice will be promoted by the change and there is absolutely no showing whatever to the contrary and a change has been denied, then there has been an abuse of discretion and there is no conflict of evidence to sustain the decision of the trial court. In the case of *Carr* v. *Stern,* 17 Cal.App. 397, 407 [120 P. 35], the court said: 'It will thus be observed that, as stated, the defendants have not only wholly failed to deny or contradict the showing made by plaintiff for a change of the place of trial to the county of San Mateo, but have themselves made

absolutely no showing that they have necessary and material witnesses who reside in the City of San Francisco or whose convenience would be subserved by retaining the trial in said city. There is, therefore, no question of a conflict of evidence presented which would, under the rule as to a substantial conflict in the evidence, render the decision of the trial court conclusive upon a reviewing court.' "

In the case of *Gulf Oil Corp.* v. *Gilbert*, 330 U. S. 501 [67 S.Ct. 839, 91 L.Ed. 1055], Gilbert brought the action in the Southern District of New York, but resided in Lynchburg, Virginia, where he operated a public warehouse. He alleged that in violation of the ordinances of the town, the oil company carelessly handled a delivery of gasoline and caused a fire and explosion which resulted in his damage. The oil company was a Pennsylvania corporation, doing business in New York and Virginia. When sued in New York, the corporation invoked the doctrine of "forum non conveniens" and claimed that the appropriate place for trial was in Virginia, where both parties did business, where all the events in litigation took place, where most of the witnesses resided and where both federal and state courts were open to the plaintiff. The court, in the decision, set forth much which is appropriate here, as follows (at p. 507):

"The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute. These statutes are drawn with a necessary generality and usually give a plaintiff a choice of courts, so that he may be quite sure of some place in which to pursue his remedy. But the open door may admit those who seek not simply justice but perhaps justice blended with some harassment. A plaintiff sometimes is under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself.

"Many of the states have met misuse of venue by investing courts with a discretion to change the place of trial on various grounds, such as the convenience of witnesses and the ends of justice."

At page 508, it is said:

"If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private

interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining the attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

"'Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be mposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home.''

The order heretofore made denying the motion for a change of venue upon the grounds of convenience of the witnesses and the promotion of the ends of justice is reversed, and the court is ordered to make an order granting the motion.

White, P. J., and Doran, J., concurred.