[No. 9206.  Department Two. — March 26, 1886.]

JOHN HOWELL, Respondent, v. THE STETEFELDT
FURNACE COMPANY. JAMES M. THOMP-
SON, Substituted Defendant, Appellant.

Change of Place of Trial — Convenience of Witnesses — Answer. — A
defendant is not entitled to a change of the place of trial, on the ground
of the convenience of witnesses, until he has filed an answer in the case.

Id. — Substituted Defendant — Right of to Change. — One who is in-
voluntarily substituted as the sole defendant in an action, under section
386 of the Code of Civil Procedure, is entitled to a change of the place of
trial to the county in which he resides, notwithstanding the failure of the
original defendant to demand such a change.

Appeal from an order of the Superior Court of Santa
Clara County refusing a change of the place of trial.

The facts are stated in the opinion.

*D. L. Smoot*, for Appellant.

*Charles F. Wilcox*, and *T. H. Laine*, for Respondent.

Foote, C. — The Stetefeldt Furnace Company had in
its possession two thousand dollars, which John Howell
and James M. Thompson respectively claimed.

John Howell resided in Santa Clara County, the Fur-
nace Company claimed to have its *situs* in San Francisco,
and Thompson resided there.

Howell brought suit in Santa Clara County against
the Furnace Company to recover that sum of money.
The company made no defense, but filed the necessary
affidavit, under section 386, Code of Civil Procedure, gave
the required notice to Howell and Thompson, paid the
money into court, and obtained an order to be there made
and entered, substituting Thompson in its place as de-
fendant, and thereafter said company ceased to have any
connection with the action.

Upon Thompson being made the sole party defendant
to the action, he filed a demurrer to the complaint, and at

the same time, under section 396, Code of Civil Procedure, filed an affidavit of merits, and demanded in writing that the trial of the cause should take place in the county of San Francisco, where he resided. Notice of this motion was duly given by Thompson, and the motion denied by the court, from the order refusing which this appeal is taken.

It is contended on the part of the plaintiff:—

First—That so far as the defendant Thompson's right to a change of venue rested upon the claim that the convenience of witnesses required it, it should not be granted, because he had not filed an answer in the cause, and therefore the trial court was not placed in possession of the necessary facts to determine the propriety of granting the motion on that ground. And in this respect his contention is correct.

He claims further, however, that the defendant is not entitled to a change of venue to the county of his residence, because he did not move for or demand such change until after the court had obtained jurisdiction over the original defendant, and that it then became too late for the substituted defendant to rightfully claim such change.

The object had in view by the legislature in enacting section 396, Code of Civil Procedure, was to prevent trials of actions in counties other than those in which defendants resided, unless they waived such right. And the failure of the original defendant (even if it, a corporation, had possessed a residence, which it had not, as the term is used in section 395, 396, Code of Civil Procedure) to demand a change of venue to the county of its residence, could not prejudice the right of a defendant, when upon his first appearance in the action, to which he had been made the sole substituted defendant *in invitum*, he moved for and demanded a transfer of the cause to the county where he resided.

Thompson's first appearance in this cause as sole de-

fendant was when he filed his demurrer to the complaint and moved for and demanded a change of venue to the county of his residence.

The appearance of the corporation was not his appearance.

He was brought into the action under section 386, Code of Civil Procedure, *in invitum*. He did not come in as a voluntary intervenor. From the moment he became such party to the action, and not until then, did he become entitled to the exercise of the right which accrued to him under section 396, Code of Civil Procedure.

Therefore we are of opinion that the order of the court below should be reversed, and that tribunal directed to make and enter an order granting the change of venue as demanded.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order is reversed, with directions to the court below to grant a change of venue.

Hearing in Bank denied.