BRIASCO *v.* LAWRENCE.

(*Supreme Court, General Term, Second Department.* February 11, 1889.)

1. VENUE IN CIVIL CASES—CHANGE OF VENUE—PREMATURE APPLICATION.
   An application for change of venue, made before serving an answer in an action for slander, on the ground that it will be impossible for a material witness to attend in the county where suit is brought, is prematurely made.

2. SAME—WHEN DENIED—RESIDENCE OF PARTIES.
   Such application should not be granted, in an action for slander, where the complaint does not show that plaintiff is not a resident of the county designated in the complaint as the place of trial, under Code N. Y. §§ 982–984, providing for a trial in the county where one of the parties resided at the beginning of the suit.

3. SAME—SUFFICIENCY OF AFFIDAVIT—WITNESSES.
   An affidavit on which such application is based, is defective when it does not state that defendant has stated to his counsel what he expects to prove by his various witnesses.

Appeal from special term, Westchester county.

Rosanna Briasco sued Joseph B. Lawrence in Kings county in an action of slander. Lawrence, before serving his answer, filed an affidavit for change of venue, alleging that he was a resident of Westchester county; that his mother, who was infirm, was unable to attend court in Kings county; and that he had other witnesses residing in Westchester county whom it would greatly inconvenience to attend court in Kings county. A change of venue was granted, and plaintiff appeals.

Argued before BARNARD, P. J., and PRATT, J.

*Horace Graves,* for appellant. *L. C. & W. P. Platt,* for appellee.

BARNARD, P. J. There are two reasons why this order should not be granted. The action is one for oral slander, and it does not appear by the papers that the plaintiff is not a resident of the county of Kings, which is designated as the place of trial in the complaint. The place of trial would be proper in a county in which one of the parties resided when the action was commenced. Code, §§ 982–984. The affidavits seem to point to the convenience of the witnesses as the reason for the proposed change. One material witness is named living in Westchester county, and it is stated that "at least five other material and necessary witnesses" reside in that county. The answer to this is that the issue is not joined, and it is premature to move to change the place of trial for the convenience of witnesses before it is. The materiality of the witnesses cannot be ascertained until the issue is complete. The order should be reversed, with costs to abide the event.

PRATT, J. The defendant was premature in making this motion. Before serving his answer it was impossible to determine what witnesses would be material, or whether any witnesses would be necessary, upon the trial. It is altogether probable that the witness Lydia Ann Lawrence will be a material witness upon the trial, and that it will be impossible for her to attend a court held out of the county where she resides; but the decisions are too numerous and uniform upon this point to be disregarded. To permit such practice would be a premium upon laches. The defendant had ample time to answer, and should have done so before asking for a change of venue. The affidavit is also defective in failing to state that defendant has stated to his counsel what he expects to prove by his various witnesses. Order reversed, with costs and disbursements.