[Sac. No. 4071. Department Two.—May 21, 1928.]

AMMON TANNER, Respondent, v. HOBART ESTATE COMPANY (a Corporation) et al., Appellants.

Joseph H. Huberty for Appellants.

George F. McNoble, Stanley M. Arndt and Virgil M. Airola for Respondent.

SHENK, J.—This is an appeal by the defendants from an order denying their motion for a change of the place of trial without prejudice to a renewal of the motion at the time of trial. The motion was made on numerous grounds, two of which need now be considered, to wit: (1) That there is reason to believe that an impartial trial cannot be had in the county of Calaveras wherein said action was commenced, and (2) that all of the defendants, except the

defendant Wilson, are nonresidents of the county of Calaveras and as to the other defendant, Wilson, that no sufficient cause of action has been alleged against him. The notice of motion was filed concurrently with a notice of motion to strike certain portions of the complaint and a demurrer to the complaint and the motion was heard and denied before any decision on the notice to strike or the demurrer and therefore before answer filed.

The action is one for trespass on real property, diversion of waters therefrom and the destruction of a dam thereon. The action is triable in Calaveras County, where the real property is situated, unless the place of trial be changed as provided in the code. (Secs. 392–400, Code Civ. Proc.) The defendant Emma Rose is a nonresident of the state and may be sued in any county of the state. The defendant Hobart Estate Company is a California corporation and is suable in Calaveras County as the county wherein the liability is alleged to have arisen. (Const., sec. 16, art. XII.) The defendant Utica Mining Company is the *alter ego* of the defendant Emma Rose. The defendant Wilson is a resident cf Calaveras County and is the resident manager of the defendants Hobart Estate Company and Emma Rose in said county. He is properly joined with his principal and a cause of action is stated against him.

It is urged by the defendants that the trial court abused its discretion in denying the motion on the ground set forth in the affidavits supporting the motion that the defendants have reason to believe that they cannot have a fair and impartial trial. The Hobart Estate Company and Emma Rose are engaged in the business of supplying water to inhabitants and land owners in said county for private, public, and domestic consumption. It is alleged in the supporting affidavits "that there is a general spirit of antagonism existing on behalf of the residents in the county of Calaveras toward any person or persons or associations engaged in and furnishing water for private, public and. domestic consumption"; that certain communities in said county are engaged in litigation with other persons and corporations engaged in a similar business, and that by reason of the business operations of the defendants and the controversies at present existing between said defendants and its many consumers, the unfriendly, partial, biased, and prejudicial

attitude of a large portion of the residents of said county toward defendants and the antagonistic feeling and spirit in general existing throughout the county toward such other persons and corporations engaged in a similar business, all cause the defendants to believe that they will be unable to have a fair and impartial trial in said county. These allegations were not denied and it is for that reason that an abuse of discretion is charged against the trial judge. We think the showing was entirely insufficient. It was not alleged that the trial judge or any of the officers of the court are biased or prejudiced. Nor was it alleged that any member of the jury panel or any person eligible for jury service is biased or prejudiced, nor that any of the persons claimed to be prejudiced or partial are eligible for jury service in said court. Indeed, it is not alleged that the cause will be tried before a jury. The cause is not at issue. Prior to issue joined the court should not be compelled to decide finally that at the time of trial the cause cannot be fairly and impartially tried. (*Cook* v. *Pendergast*, 61 Cal. 72, 79.)

We find no error in the order. It is, therefore, affirmed.

Langdon, J., and Richards, J., concurred.