[Civ. No. 6987. First Appellate District, Division One.—April 2, 1930.]

JAMES ROLPH & CO. (a Corporation), Respondent, v. C. G. KRUEGER, Appellant.

Alfred C. Skaife and Walter E. Barry for Appellant.

Resleure & Hill for Respondent.

McKENZIE, J., *pro tem.*—Plaintiff commenced an action in the Superior Court of the city and county of San Francisco against the defendant. In due time defendant appeared in said action and filed a demurrer and answer to the complaint and at the same time filed a notice of motion to the end that the action be transferred to Los Angeles County, his place of residence. Before the motion for change of venue came on for hearing plaintiff filed a notice of motion to the end that the action be retained and tried in the San Francisco court on the ground of the convenience of witnesses. Defendant did not file any affidavit or make any showing in opposition to plaintiff's motion; nor did plaintiff in any way contest the sufficiency of defendant's showing in regard to having the case transferred to Los Angeles. Both motions came on for hearing at the same time and the trial court granted plaintiff's motion and denied that of the defendant. From both orders the defendant appeals.

▇ The issue presented to this court is free from technicalities and is directed solely to the question as to whether or not under rule XX 6 (a) of the Judicial Council (which was in force at the time the proceedings herein were had, and which required a defendant, under a possible penalty of a default judgment, to file an answer in the case at the same time as he filed a demurrer), operated to deprive a defendant of his right to have the cause of action moved to the county of his residence, by permitting the plaintiff to make a counter-motion to retain the action for trial in the county in which it was brought, on the ground of the convenience of witnesses.

This rule of the Judicial Council has been abrogated; consequently the decision in this case will not affect present practice.

It is conceded that at all times from the beginning of California's systems of law up to the time when these motions were heard, it was the practice to entertain in the court where the action was commenced a motion to retain for trial in said court the action on the ground of convenience of witnesses, if the defendant had on file an answer prior to the time his motion for change of venue to his place of residence was heard.

Appellant's position is that under the rule he was compelled to file an answer or risk the hazard of having a default judgment entered against his client. We think appellant was unduly apprehensive about what might follow if he had not filed his answer. Viewing the situation at its worst, the danger that appellant thought he was confronted with could be avoided with slight effort. If the answer had not been filed, the court was bound to grant his motion for change of venue to Los Angeles, providing his moving papers were in proper form and there was no counter showing. When his motion was granted he could have asked leave to file his answer. If the court refused (which is not likely) on the ground it had lost jurisdiction, he could have requested that the answer be annexed to the other papers. If this were refused he could get his answer to Los Angeles before the clerk of the court could get the record there. There are a number of other ways *hazard* could be avoided without much effort. We are of the opinion that a long-established and well-understood rule of law should not be changed or disregarded by judicial construction for reasons guided by fancy rather than reason and experience.

The orders appealed from are affirmed.

Tyler, P. J., and Cashin, J., concurred.