JACK Et Al. *v.* FIRST JUDICIAL DISTRICT COURT,
IN AND FOR OBMSBY COUNTY, Et Al.

No. 3049

December 2, 1933.                    27 P. (2d) 61.

*Prince A. Hawkins, H. R. Cooke, Thomas F. Ryan, E. F. Lunsford, W. M. Kearney* and *Robert Z. Hawkins,* for Respondents:

*McNamara & Robbins,* for Petitioners:

# OPINION

*Per Curiam:*

The petition alleges that in a certain proceeding in the First judicial district court of Nevada, in and for

Ormsby County, wherein Forrest W. Eccles et al., as individuals and as trustees and assigns of depositors and creditors of Henderson Banking Company, a corporation, were plaintiffs, and Henderson Banking Company, a corporation, and these petitioners et al., were defendants, to have the said Henderson Banking Company and certain other banks declared insolvent, and for the reorganization thereof, pursuant to legislative enactments. The First National Bank in Reno, on the 15th day of November 1933, filed an answer and cross-complaint in said proceedings, praying for the appointment of a receiver for said Henderson Banking Company; that thereafter these petitioners, for themselves, and on behalf of other depositors and creditors of said banking company, filed in said proceedings in said First judicial district court their motion for a change of venue and place of trial of said action from the First judicial district court, in and for Ormsby County, Nevada, upon the grounds that the convenience of witnesses and the ends of justice would be promoted.

The petition further alleges that the respondent heard, considered, and took under advisement said motion for change of venue; that at the time said motion for change of venue was taken under advisement by said respondent, there was pending in said proceeding a petition for the appointment of a receiver of said Henderson Banking Company, and that over the objection of the attorneys for these petitioners, the honorable judge of said court proceeded to hear, and at the time of filing said petition was hearing, said petition for the appointment of a receiver as aforesaid.

The petition alleges also that the court was without jurisdiction to proceed in said hearing until said motion for change of venue is disposed of.

To said petition respondent filed a demurrer, a motion to quash and an answer.

We think the demurrer well taken. No answer was filed to the cross-complaint of First National Bank asking for the appointment of a receiver, hence there was

no issue of fact to be presented to any court upon said hearing, therefore it follows that there were no witnesses whose convenience could be considered.

It was said in Cook v. Pendergast, 61 Cal. 72, that the court ought not to be called on before issues of fact have been joined to decide that the convenience of witnesses will be promoted by a change of place of trial, or that an action cannot be fairly and impartially tried in the county in which it is pending.

See, to same effect, Thomas v. Placerville G. Q. M. Co., 65 Cal. 600, 4 P. 641; Howell v. Stetefeldt F. Co., 69 Cal. 153, 10 P. 390; 25 Cal. Jur., p. 884, sec. 23; Wallace v. Owsley, 11 Mont. 219, 27 P. 790; Briasco v. Lawrence, 51 Hun. 643, 4 N. Y. S. 94; Moore v. Pillsbury, 43 How. Prac. (N. Y.), 142; Gifford v. Gravesend, 8 Abb. N. C. (N. Y.), 246.

The demurrer is sustained. Writ denied. Proceedings dismissed.