[Civ. No. 5253.   Fourth Dist.   Feb. 9, 1956.]

E. C. LIVINGSTON COMPANY, INC. (a Corporation), Plaintiff and Respondent, v. BLYTHE ALFALFA GROWERS ASSOCIATION (a Corporation), Defendant and Respondent; WHEELER AND REEDER, (a Partnership), Appellant.

Silverberg & Fahrney for Appellant.

No appearance for Plaintiff and Respondent.

Robert A. Brockmeier for Defendant and Respondent.

GRIFFIN, J.—Plaintiff, cross-defendant and respondent E. C. Livingston Company, Inc., a general building contractor with its principal place of business in Paso Robles, brought this action in Riverside County against the defendant, cross-complainant and respondent Blythe Alfalfa Growers Association, which has its principal place of business in Blythe. The complaint alleges that plaintiff entered into an agreement in writing in Riverside County with defendant company whereby plaintiff agreed to furnish labor and material to erect for defendant, in Blythe, a certain grain storage building; that it completed it on May 14, 1954, and defendant refused to pay a balance of $4,841 due thereon.

Defendant association filed an answer and cross-complaint against plaintiff and made Wheeler and Reeder, a partnership, of Los Angeles, and Fidelity and Deposit Company of Maryland, a corporation, parties defendant to the cross-complaint, alleging that on April 7, 1954, in Riverside County, Wheeler and Reeder entered into a written agreement with cross-complainant to furnish all materials and labor for the foundation and slabs for the grain storage building, and failed to properly perform said work; that the Fidelity and Deposit Company furnished cross-complainant a faithful performance bond for such work and refused to indemnify cross-complainant for damages by reason of the abandonment by Wheeler and Reeder and E. C. Livingston Company, Inc. of said contract. Damages and a declaration of rights were sought.

An answer to the cross-complaint was filed by Wheeler and Reeder on January 12, 1955, and the court set March 30, 1955, as the time of trial. On April 11, 1955, a motion for change of place of trial on account of convenience of witnesses and to promote the ends of justice was filed by Wheeler and Reeder. On May 20, 1955, they filed an amended answer and counterclaim. Demurrers and motions to strike were directed toward them. On May 31, 1955, the demurrer to the amended answer and counterclaim was ruled upon. The motion for change of place of trial was heard and submitted on May 6, 1955, and denied on May 10th.

The main question here presented is whether the trial court erred in denying the motion for change of place of trial at the time and upon the showing made. Defendant Wheeler and

Reeder, on April 11, 1955, gave notice of motion that on May 6th it would move for an order transferring the matter to Los Angeles County on the ground that Riverside County was not the proper county because they were residents of Los Angeles County, and further for the convenience of witnesses and to promote the ends of justice. It was noticed that the motion would be based "upon the records, papers and files of this action, and the affidavit of Ray Wheeler attached hereto and upon such other evidence that *may be produced before the court."* (Italics ours.)

The affidavit of Wheeler recites that he was a resident of Los Angeles; that it would be necessary to produce certain witnesses on his behalf, all residents of Los Angeles, naming them; that they were familiar with the work performed and would testify to certain facts; and that it would be a great inconvenience for them to go to Indio to so testify. Apparently other cross-defendants and the cross-complainant filed no counteraffidavits. At the hearing on May 6th, counsel for Wheeler and Reeder made a similar motion on behalf of counsel for the Livingston Company, which was that the action be transferred to Los Angeles County on account of convenience of witnesses. An affidavit was filed in support of the motion. Counsel for Blythe Alfalfa Growers Association, after moving to strike the respective affidavits, then stated to the court that he desired to call witnesses in opposition to the motion for change of place of trial. Opposing counsel objected to such procedure because he had been served with no opposing affidavits and claimed such opposition should be presented only by counteraffidavits. In opposition to the objection the court's attention was called to volume 1 of California Procedure, by Witkin, page 781, to the effect that such a motion may be determined upon affidavits or oral testimony, and counsel stated to the court just what he intended to prove by the witnesses, which facts, if properly set forth, might well have justified the denial of the motion on the grounds indicated. The judge then remarked that he was not going to hear oral testimony. A request was then made for further time to file counteraffidavits and the request was denied. The motions were taken under submission and denied. Only cross-defendant Wheeler and Reeder appealed.

It affirmatively appears from the verified pleadings and the contract set forth therein that the contract was to be performed in Riverside County. ■ It also appears that the

motion for change of place of trial on the ground that Riverside County was not a proper county was not made at the time of the filing of the answer and demurrer. This motion was properly denied. (Code Civ. Proc., §§ 395 and 396b.) Appellant does not complain in this respect but relies on its claimed uncontroverted affidavit of convenience of witnesses to support the motion.

It is the rule that the movant, upon the ground that convenience of witnesses and ends of justice will be promoted, as provided in Code of Civil Procedure section 397, has the burden of proof. (*Dick* v. *La Madrid,* 82 Cal.App.2d 450 [186 P.2d 149].) However, it was said in *First-Trust Joint Stock Land Bank of Chicago* v. *Meredith,* 16 Cal.App.2d 504, 508 [60 P.2d 1023, 62 P.2d 369]:

"The rule is well settled, of course, that a motion for a change of venue grounded upon the convenience of witnesses rests largely in the discretion of the trial court, the exercise of which will not be disturbed on appeal in the absence of a showing of its abuse. . . . But, where there *is* a showing that the convenience of witnesses and the ends of justice will be promoted by the change and there is absolutely no showing whatever to the contrary and a change has been denied, then there has been an abuse of discretion and there is no conflict of evidence to sustain the decision of the trial court." (Citing cases.) See also *Churchill* v. *White,* 119 Cal.App.2d 503 [259 P.2d 974].

It is true that the verified complaint and pleadings may be considered in opposition to the affidavits in support of the motion. However, in the instant case, they do not create any conflict in the showing made by movant in respect to the convenience of witnesses or that the ends of justice will not be promoted by the change. Contrary to respondent's contention the issues of fact were sufficiently joined at the time of the motion. (*Carruthers* v. *Crown Products Co.,* 89 Cal. App.2d 326 [200 P.2d 819].) On March 17, the time of trial was continued to October 5, 1955.

Although the order denying the change of venue as to this appellant is lacking in evidentiary support, it does appear from the offer of proof of respondent's counsel that the convenience of witnesses and the ends of justice might better be served by the retention of the action in Riverside County, and that a proper showing could be made in this respect.

Accordingly, the order denying the motion to change the place of trial on the grounds of convenience of witnesses and

the promotion of the ends of justice is reversed with directions to the trial court to reconsider the motion in this respect, grant respondent Blythe Alfalfa Growers Association reasonable opportunity to make the necessary showing, and to further consider its ruling upon the motion.

Barnard, P. J., and Mussell, J., concurred.