[Civ. No. 5695. Fourth Dist. May 8, 1959.]

WILLIE H. METTLER, Appellant, v. DONALD H. HEDLEY et al., Respondents.

---

*Assigned by Chairman of Judicial Council.

Maas & Nairn for Appellant.

George W. Trammell for Respondents.

GRIFFIN, P. J.—Plaintiff-appellant brought this action against defendants-respondents for reformation of a written contract, alleging generally that on January 31, 1957, defendants, except Hedley, made and entered into a written agreement in Kern County involving a written lease of land between one R. E. Stevens and Willie H. Mettler. A copy of this agreement is attached to the complaint. From the allegations thereof it appears that the People of the State of California instituted a proceeding in eminent domain in Kern County involving certain rights in a portion of the subject land. Plaintiff, by this action, seeks to reform the written agreement by striking subdivisions 2 and 3 of paragraph V therefrom. Paragraph V provides:

"Mettler hereby agrees to secure from each person (including himself), firm, association and corporation who now has, or had on the 28th day of June, 1956, any right, title, interest or estate in or to any part of said Parcel 1-C, a written assignment, in favor of Stevens, of any and all awards, damages and sums of money which may be awarded to such person, firm, association or corporation, in said action on account of: . . .

"2. The taking, from the portion of the Subject Land not sought to be condemned, of the right or easement of access to the State Highway, heretofore declared a freeway, adjacent on the East, to the Subject Land; and

"3. Damages incidental to each of the aforesaid takings, other than damages for improvements upon said Parcel 1-C.

"In the event Mettler does not secure any one of the aforesaid assignments, or in the event any one of such persons, firms, associations or corporations settles with the State, out of court, or before executing such assignment, then, and in either of such events, Mettler agrees to pay to Stevens a sum of money equal to the sum of money Stevens would have received had Mettler secured such assignment as aforesaid."

The allegation of the complaint is that plaintiff failed and neglected to read these paragraphs of the agreement and signed it in ignorance of the fact that these particular paragraphs were contained therein.

Defendants filed a motion for change of venue to Los Angeles County. The answer of defendants denied generally the allegations of the complaint, admitted that on January 31, 1957, in Kern County, plaintiff signed the agreement and delivered it to defendant Donald Hedley so he might obtain the signatures of defendant Stevens thereto, and alleged that on January 31, 1957, defendant Stevens, in San Bernardino County, executed the agreement; that on February 3, 1957, defendant Siebert executed said agreement in San Mateo County and on February 5, 1957, defendants Hedley, Cooper, and Zahn executed it in Los Angeles County. The motion for change of venue was accompanied by an affidavit of merit of the several individual defendants showing at the time of the commencement of the action they were residents of the counties indicated other than Kern County, and alleged that the agreement was signed in those counties.

Thereafter, plaintiff filed a motion for an order retaining the action in Kern County for trial on the ground of con-

venience of witnesses and that the ends of justice would be thereby promoted. By affidavit, plaintiff alleged that all arrangements and negotiations for such agreement were carried on and entered into between himself and defendant Hedley, on behalf of the remaining defendants, in Kern County, except one conversation in Santa Barbara County, and that none were carried on in Los Angeles County; that to his best information none of the witnesses, other than the named defendant, resided outside of Kern County. He then set forth the names of the five witnesses living near the real property involved, which is the subject of the lease and contract. He then reiterated what he believed they would testify to at the trial and alleged they were material witnesses. In addition, he claimed that the obligations of defendants under the written agreement were incurred and were to be performed in Kern County and therefore that county was proper for the trial of the action, citing such authority as section 395 of the Code of Civil Procedure; *Dawson* v. *Goff,* 43 Cal.2d 310, 317 [273 P.2d 1]; *Limited Mutual Compensation Ins. Co.* v. *Curtis,* 45 Cal.App.2d 507, 508 [114 P.2d 404]; and the dissenting opinion in *Yedor* v. *Ocean Acc. & Guar. Corp.,* 85 Cal.App.2d 698 [194 P.2d 95].

After the hearing of the motions, on this showing, the court denied plaintiff's motion to retain and granted defendants' motion to change venue to Los Angeles County. It is from this order that plaintiff has perfected this appeal. Section 395, *supra,* provides:

"In all other cases, except as in this section otherwise provided . . . the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action."

It was held in *Peiser* v. *Mettler,* 50 Cal.2d 594 [328 P.2d 953]:

"The question of the transitory or local character of the causes of action must be determined from the allegations of the complaint on file at the time the motion was made and from the nature of the judgment which might be rendered thereon, assuming the truth of the allegations." See also *Kaluzok* v. *Brisson,* 27 Cal.2d 760, 763 [167 P.2d 481, 163 A.L.R. 1308]; and *Neet* v. *Holmes,* 19 Cal.2d 605, 613 [122 P.2d 557].

Plaintiff's action is a proceeding in equity. The only relief he seeks is that the court order certain paragraphs of the agreement stricken. The action is not founded on the

obligation itself. Plaintiff is not suing on or seeking to enforce the obligation which defendants contracted to perform in Kern County. As to certain defendants, it does not affirmatively appear that the agreement was in fact entered into in Kern County. This court held in *Martinez* v. *Martinez,* 99 Cal.App.2d 425, 428 [221 P.2d 986], that an action to reform a contract is a proceeding in equity and is essentially a personal action. The cases relied upon by plaintiff were, in the main, actions founded upon a policy of insurance or written contract. Although the portion of the order changing venue to Los Angeles County on account of the residence of the defendants might be authorized, if the court had granted the motion to retain the trial of the action in Kern County because of convenience of witnesses, the latter order would prevail. (*Hall* v. *Central Pacific R. R. Co.,* 49 Cal. 454; *Gordon* v. *Perkins,* 203 Cal. 183 [263 P. 231]; *Loehr* v. *Latham,* 15 Cal. 418; *James Rolph & Co.* v. *Krueger,* 105 Cal.App. 35 [286 P. 1060].) ■ See also *Hanchett* v. *Finch,* 47 Cal. 192, where it is said (quoting from the syllabus):

"When the action is brought in a county other than that in which the defendant resides, he has a *prima facie* right to have the venue change to the county of his residence, but this right is subject to the power of the Court to retain the cause for trial in the county in which it was brought, if the convenience of witnesses and ends of justice require it"; that "where there is a conflict in the affidavits its ruling will not be disturbed, unless it appears that this discretion has been abused."

The question then is whether the trial court abused its discretion in denying plaintiff's motion to retain the action in Kern County. Plaintiff concedes this rule of law, but argues such discretion must be based on reason and must be supported by some adequate showing appearing on the face of the record, citing such authority as *Gaster* v. *Hinkley,* 85 Cal.App. 55 [258 P. 988]; and *Clavey* v. *Lord,* 87 Cal. 413 [25 P. 493].

The argument is that the uncontradicted evidence shows that inconvenience of plaintiff's witnesses has been established; that parol evidence from witnesses other than the parties will be necessarily required; that although depositions could be taken, such evidence is not always satisfactory compared to the testimony of the witnesses, and that inconvenience to

these witnesses would result if they were required to go to Los Angeles. It is further argued that plaintiff's affidavit showed that to his knowledge there are no other witnesses to the transaction involved who live in Los Angeles, and accordingly there is no conflict in the evidence on the issue of convenience to witnesses and the court abused its discretion in denying the motion to retain.

It does appear that the requirements set forth in *Peiser* v. *Mettler, supra,* have been met by plaintiff in his showing in reference to names, addresses and testimony to be given by the respective witnesses on the motion to retain.

The remaining question is whether such showing as to convenience of witnesses, was contradicted by the record before us, sufficiently to allow the trial court to exercise its discretion. ■ It is true that any inconvenience to the parties to the action, as distinguished from other witnesses, is not ordinarily considered on a motion of this nature. (*Baird* v. *Smith,* 21 Cal.App.2d 221, 224 [68 P.2d 979].; *Wrin* v. *Ohlandt,* 213 Cal. 158 [1 P.2d 991].) In plaintiff's affidavit he states that both he and Hedley discussed the proposed agreement with each of the witnesses named, including an escrow agent in Bakersfield, and gave a résumé of their testimony which he anticipated they would give. This testimony would appear to be material to the issues presented.

Mr. Hedley, in his opposing affidavit, which was fatally defective, states that all of the conversations and negotiations for such written agreement were carried on by and between him and plaintiff outside of the presence of anyone; that they were partly carried on in Kern County, partly in Los Angeles County, and partly by telephone; that none of the persons named in plaintiff's affidavit in support of the motion, other than plaintiff and affiant, were present at any of said conversations or negotiations and affiant did not discuss the proposed agreement with any of them. It is not argued and there is no contention on this appeal that the ends of justice would be better served by transferring the case to Los Angeles County or that defendants would be prejudiced by retaining the trial in Kern County. There was no offer of defendants to stipulate as to the truth of the testimony of the witnesses named by plaintiff. (*Nelson* v. *Enos,* 47 Cal. App.2d 79 [117 P.2d 429].)

■ Categorically, Hedley did not deny that the parties named would be witnesses or would testify to the facts

related. He did not indicate that there were other witnesses who lived in other counties who would be witnesses for defendants or that any witness would be inconvenienced by retention of the trial of the action in Kern County. The most that could be said of his affidavit was that if these witnesses did testify in reference to any of said purported conversations such testimony would be false. This denial did not bear on the question of inconvenience of the witnesses and created no conflict on that issue. Accordingly, there being no conflict, the trial court erred in refusing to retain the action for trial in Kern County when the uncontradicted evidence showed that in such county the convenience of witnesses would be better served. (*Pascoe* v. *Baker*, 158 Cal. 232 [110 P. 815]; *San Jose Hospital* v. *Etherton*, 84 Cal.App. 516 [258 P. 611]; *Seybert* v. *County of Imperial*, 139 Cal.App.2d 221 [293 P.2d 135]; *Bartholomae Oil Corp.* v. *Associated Oil Co.*, 203 Cal. 176 [263 P. 516]; *Thompson* v. *Brandt*, 98 Cal. 155 [32 P. 890]; *First-Trust Joint Stock Land Bank* v. *Meredith*, 16 Cal.App.2d 504 [60 P.2d 1023, 62 P.2d 369]; *Carr* v. *Stern*, 17 Cal.App. 397 [120 P. 35]; *Gulf Oil Corp.* v. *Gilbert*, 330 U.S. 501 [67 S.Ct. 839, 91 L.Ed. 1055]; *E. C. Livingston Co.* v. *Blythe Alfalfa Growers Assn.*, 139 Cal.App.2d 161 [293 P.2d 96].)

Order reversed.

Mussell, J., and Shepard, J., concurred.

A petition for a rehearing was denied May 26, 1959, and respondents' petition for a hearing by the Supreme Court was denied July 1, 1959.