[Civ. No. 20242. First Dist., Div. One. Jan. 11, 1962.]

QUETA PEARSON, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; BILL PEARSON, Real Party in Interest.

70

Guerin & Guerin for Petitioner.

No appearance for Respondent.

Field, DeGoff, Rieman & Murphy for Real Party in Interest.

SULLIVAN, J.—Petitioner Queta Pearson, defendant and cross-complainant in an action for divorce seeks a writ of mandate compelling the respondent superior court to vacate and set aside its order denying petitioner's motion for a change of venue of such divorce action from the City and County of San Francisco to the County of San Diego, and to grant such change of venue.

We set forth a chronology of the original proceedings: On March 28, 1961, real party in interest Bill Pearson (plaintiff and cross-defendant below) filed his complaint for divorce upon the grounds of extreme cruelty; on August 30, 1961, Mrs. Pearson filed her answer to the complaint and also a cross-complaint for divorce upon the grounds of extreme cruelty; on September 7, 1961, Mrs. Pearson served and filed a notice of motion for change of venue, originally to be heard on September 12, 1961, but apparently continued by consent of the parties to September 19, 1961; in the interim, and on September 15, 1961, Mr. Pearson filed a notice of motion to

file a supplemental complaint for divorce on the grounds of desertion, and also filed an answer to Mrs. Pearson's cross-complaint. Both motions were heard by the respondent court on September 19, 1961.

Petitioner's notice of motion for change of venue states that such motion will be made on the grounds: "that the aforesaid change of venue is necessary for the convenience of witnesses and will promote the ends of justice"; and "that the defendant is a resident of San Diego County and the ends of justice will be promoted by transferring the cause to said County."[1] Petitioner's motion was supported by three unsworn certificates executed in compliance with section 2015.5 of the Code of Civil Procedure: One each of petitioner and her counsel served and filed with the above notice of motion and the third designated a "supplemental certificate," executed, served and filed by petitioner on the day of the hearing.[2] Hereafter, we will refer to such certificates as affidavits.

The affidavit of petitioner's counsel sets forth the names and addresses of 11 witnesses, all living in San Diego County, who will be called on behalf of petitioner, and will testify as to specific acts of cruelty on the part of Mr. Pearson towards Mrs. Pearson. The supplemental affidavit of petitioner, setting forth certain particulars of the testimony of said 11 witnesses and also of an additional witness, a resident of the same county, avers that they will testify in substance as follows: that Pearson has never applied himself to work and refuses to work; that he has said on numerous occasions he did not want to sell his objects of art; that he wants to keep such objects for his own enjoyment; that he has a bad temper, is possessive and domineering towards his wife, has made disparaging remarks about her, called her "a stupid bitch," and said that she was stupid and had no taste; that he struck petitioner; that he spent large amounts of money on himself, spent money foolishly and ignored petitioner's needs; that his conduct has made petitioner nervous, upset and ill. With respect to 4 of the 12 witnesses, it is averred that they will

[1] For convenience of treatment, we have reversed petitioner's order of statement. Petitioner's notice of motion also stated that, at the same time, she would move for an order staying actual transfer of the action until the court had heard and determined certain motions for custody and support of children, support of petitioner, attorney's fees, court costs and for temporary restraining orders. Such motion is not involved here.

[2] This certificate, appearing as an exhibit to the petition before us, is dated September 19, 1961, but shows no filing date. The partial transcript of the proceedings had on that day indicates it was before the court at the hearing of the motion.

testify to the same effect as certain previously identified witnesses. The affidavit of petitioner filed with the notice of motion states that petitioner and her husband made their home in San Diego County from 1957 until April or May 1960; that she and her children still reside there; and that in the event the action is maintained in San Francisco substantial traveling expenses will be incurred by petitioner for herself and her two children, ages 2 and 4 years. It also avers that travel of the petitioner or of said children to San Francisco will cause hardship.

The opposing affidavit of the real party in interest, dated September 12, 1961,[3] is a narrative of his move from La Jolla to San Francisco, his discussions with petitioner pertaining to the listing for sale of their residence in the former place, and certain financial transactions between the parties and by them with the Internal Revenue Service, and concludes with allegations pertaining to certain property of the parties and the support of their children. It avers that petitioner's acts therein detailed constitute not only extreme cruelty but also desertion. The affidavit does not set forth the name of one witness whom the husband intends to call either in San Francisco or in any other forum. It does not give any reason why the husband must remain in San Francisco. It does not deny any of the allegations of the two affidavits filed with petitioner's notice of motion.

While petitioner's third and so-called supplemental affidavit was filed after the foregoing affidavit of the husband and indeed on the date of hearing itself, it in effect particularized the affidavit of petitioner's counsel which was filed with the notice of motion, except for the setting forth of the name of one additional witness. An examination of the transcript of the proceedings had on the hearing of the motion fails to disclose any objection by the real party in interest to the filing of petitioner's supplemental affidavit, any request of the court to file an affidavit in response thereto or any offer to deny in open court the allegations with respect to petitioner's intended witnesses or their anticipated testimony.[4]

---

[3] The filing date of this document is not disclosed by the record before us. September 12, 1961, was the day originally noticed for the hearing of petitioner's motion.

[4] The declaration of the real party in interest, purportedly though probably not properly executed in compliance with the provisions of Code of Civil Procedure, section 2015.5, filed with said party's return to the alternative writ of mandate, cannot be considered by us in determining the sufficiency of the affidavits before the trial court.

On the foregoing affidavits, the trial court on September 19, 1960, denied petitioner's motion for change of venue.[5] The court also disposed of other matters which are not before us, included among which was the granting of Mr. Pearson's motion to file a supplemental complaint for divorce on the ground of desertion. A single written order setting forth all of the court's action was signed by the presiding judge on September 29, 1961, apparently in the absence of the judge of the domestic relations department. The pending petition for writ of mandate seeks relief from only that portion of the above order relating to the denial of change of venue.

Real party in interest opposes the relief here sought and urges the discharge of the alternative writ heretofore issued. In such opposition he assumes that petitioner's motion for change of venue was made only on the grounds of convenience of witnesses under subdivision 3 of section 397. He makes no argument in opposition to the making of the motion under subdivision 5 of section 397. His several arguments made in connection with the grounds of convenience of witnesses are reducible to the following two basic contentions: (1) That petitioner's supporting affidavits fail to make a sufficient showing for a change of venue on the grounds of convenience of witnesses and the denial of petitioner's motion was within the sound discretion of the trial court; (2) Petitioner's motion for change of venue was premature and its denial was within the sound discretion of the court for such reason.

We will consider the above contentions in reverse order and first proceed to determine whether petitioner's motion was prematurely made.

Two points are urged in support of the contention that petitioner's motion for change of venue was premature: First, that the notice of motion was filed eight days before the filing by the real party in interest of an answer to petitioner's cross-complaint for divorce and therefore before the cause was at issue on all original pleadings.[6] Secondly, at the time of the hearing of petitioner's motion, there was pending before the court, a motion of the real party in interest to file a

---

[5]The decision announced by the court appears to be a full denial, i.e., on all grounds ("the motion for change of venue is denied"). The court's minute order made the same day (September 19) is to the same effect. The written order thereafter filed on September 29th states: "Defendant's motion for change of venue on the ground of convenience of witnesses be, and the same is, hereby denied."

[6]Although real party in interest did not raise this point in the return to the alternative writ, he now seems to have adopted it after some discussion on oral argument.

supplemental complaint, so that petitioner's motion was being made before possible supplemental pleadings were at issue. We feel both points are devoid of merit.

A motion for change of venue on the ground of the convenience of witnesses will not be entertained when the defendant has not filed an answer (*DeLong* v. *DeLong*, 127 Cal.App.2d 373, 374 [273 P.2d 921]) for the obvious reason that until the issues are joined the court cannot determine what testimony will be material. (*Gordon* v. *Perkins*, 203 Cal. 183, 185 [263 P. 231]. See also 1 Witkin, Cal. Procedure, pp. 785-786.)

While petitioner's motion is deemed to have been made "upon the due service and filing of the notice of motion" (Code Civ. Proc., § 1005.5; *Batchelor* v. *Finn*, 169 Cal.App.2d 410, 417 [337 P.2d 545, 341 P.2d 803, 346 P.2d 795]) and while at the time the notice was filed on September 7, 1961, no answer to the petitioner's cross-complaint had yet been filed, nevertheless, the answer to petitioner's cross-complaint having been filed on September 15, 1961, it appears that on September 19, 1961, the day the motion was heard, issue had been joined on all original pleadings, that is, on the complaint and answer thereto, and on the cross-complaint and answer to said cross-complaint. On the last mentioned date, the requirement as declared by the foregoing authorities, had been met and the court was in a position to determine what testimony would be material, which is the very purpose of the above rule. The record before us does not disclose that the real party in interest either sought the dismissal of petitioner's motion for change of venue or objected to its being heard, on the ground that it was prematurely filed before the answer to petitioner's cross-complaint. It would not be in the interest of justice to permit such objection to be made now. Certainly, the real party in interest has referred us to no authority holding that petitioner's motion was a legal nullity.

Was the motion thereafter nullified or affected by the subsequent motion of the real party in interest to file a supplemental complaint for divorce on the additional ground of desertion? We think not. Both motions were heard at the same time. At the commencement of the hearing, counsel for the real party in interest suggested to the court that the supplemental complaint "affects this change of venue." Nevertheless, the court forthwith granted leave to file it, stating, "It won't affect a change of venue. We will rest on the testimony of the affidavits." Indeed, this disposition of the matter

seems to us sensible and expeditious. The record shows that counsel for the real party in interest immediately filed the supplemental complaint in open court and that immediately thereafter, and also in open court, petitioner's counsel served on the real party in interest petitioner's answer thereto, the original of which had already been filed.[7] The court thereafter took the matter under consideration and adjourned the hearing until the afternoon of the same day, at which time it made an order denying the motion for change of venue. It is clear that at such time the case was at issue on all the pleadings both original and supplemental. An examination of the record convinces us that the court's decision was made on the merits upon a consideration of the affidavits and not on the ground that the motion had been prematurely filed. Contrary to the contention of the real party in interest, all of the issues had been joined and the court was in a position to determine what testimony would be material. (*Gordon* v. *Perkins, supra,* 203 Cal. 183.)

The argument advanced by the real party in interest that the motion was improper because it can be made only after the entire case is at issue, is untenable. The authorities cited by the real party in interest (*Tanner* v. *Hobart Estate Co.,* 204 Cal. 223, 225 [267 P. 312] ; *Gordon* v. *Perkins, supra,* 203 Cal. 183; *Howell* v. *Stetefeldt Furnace Co.,* 69 Cal. 153, 154 [10 P. 390] ; *Thomas* v. *Placerville G. Q. Mining Co.,* 65 Cal. 600, 601 [4 P. 641] ; *DeLong* v. *DeLong, supra,* 127 Cal.App. 2d 373) do not support such a proposition, but merely hold, as we have stated above, that a motion for change of venue upon the ground of convenience of witnesses will not be entertained when the moving party has appeared only by demurrer and has not filed an answer.

We therefore reach the merits and turn to the question of the sufficiency of the showing made on the affidavits.

Section 400 of the Code of Civil Procedure (added to said code by Stats. 1961, ch. 1059, § 3, and in effect September 15, 1961) provides that a party aggrieved by an order of the superior court granting or denying a motion to change place of trial, may petition the District Court of Appeal for a writ

[7] We surmise that petitioner's counsel to eliminate any delay filed an answer to the copy of the supplemental complaint attached to the notice of motion and was therefore prepared to serve opposing counsel with a copy as soon as the court granted leave to file the complaint. This unusual sequence of the filing of the answer preceding that of the complaint met with no objection from opposing counsel or disapproval from the court.

of mandate. A simultaneous revision of section 963 of said code abrogates former review procedure of such orders by independent appeal.

Subdivision 3 of section 397 of the Code of Civil Procedure provides that the court may, on motion, change the place of trial "[w]hen the convenience of witnesses and the ends of justice would be promoted by the change." The granting or denying of such motion is discretionary with the trial court and is subject to reversal only on a clear showing of an abuse of this discretion. (*Harden* v. *Skinner & Hammond*, 130 Cal.App.2d 750, 754 [279 P.2d 978]; *Wood* v. *Silvers*, 35 Cal.App.2d 604 [96 P.2d 366, 97 P.2d 265]; *Rios* v. *Lacey Trucking Co.*, 123 Cal.App.2d 865 [268 P.2d 160].)

The last-mentioned statute contains conjunctive conditions both of which must occur, and before the motion can be granted there must be some showing not only that the convenience of witnesses but that the ends of justice will be promoted by the change. (*Peiser* v. *Mettler*, 50 Cal.2d 594, 607 [328 P.2d 953]; *Willingham* v. *Pecora*, 44 Cal.App.2d 289, 295 [112 P.2d 328]; *Harden* v. *Skinner & Hammond, supra*, 130 Cal.App.2d 754; *Flanagan* v. *Flanagan*, 175 Cal.App.2d 641, 644 [346 P.2d 418].) The affidavit or affidavits supporting such a motion "must set forth the names of the witnesses, the nature of the testimony expected from each, and the reasons why the attendance of each would be inconvenient" (*Peiser* v. *Mettler, supra*, p. 607 of 50 Cal.2d; *Juneau* v. *Juneau*, 45 Cal.App.2d 14 [113 P.2d 463]; *San Jose Hospital* v. *Etherton*, 84 Cal.App. 516 [258 P. 611]; *Harden* v. *Skinner & Hammond, supra*) and must set forth facts from which the conclusion can be drawn that the ends of justice will be promoted. (*Harden* v. *Skinner & Hammond, supra*; *Flanagan* v. *Flanagan, supra*.) "[I]t must appear that the witnesses involved will testify as to relevant and material facts." (*Harden* v. *Skinner & Hammond, supra*, p. 754; *Peiser* v. *Mettler, supra*; *Flanagan* v. *Flanagan, supra*.)

Convenience of witnesses is shown by the fact that the residence of all the witnesses is in the county to which the transfer of the cause is requested. (*Harden* v. *Skinner & Hammond, supra*.) A conclusion that the ends of justice are promoted can be drawn from the fact that by moving the trial closer to the residence of the witnesses, delay and expense in court proceedings are avoided and savings in the witnesses' time and expenses are effected. (*Harden* v. *Skinner & Hammond, supra*.)

Where there is a showing that the convenience of witnesses and the ends of justice will be promoted by the change and there is absolutely no showing whatever to the contrary, a denial of the motion to change venue is an abuse of discretion, there being no conflict of evidence to sustain the decision of the trial court. (*E. C. Livingston Co.* v. *Blythe etc. Assn.*, 139 Cal. App.2d 161, 164 [293 P.2d 96]; *Seybert* v. *County of Imperial*, 139 Cal.App.2d 221, 230 [293 P.2d 135]; *Mettler* v. *Hedley*, 170 Cal.App.2d 277, 282 [338 P.2d 489]; *First-Trust Joint S.L. Bank* v. *Meredith*, 16 Cal.App.2d 504, 508 [60 P.2d 1023, 62 P.2d 369].)

Applying the foregoing rules, we feel that there is a sufficient showing that the convenience of witnesses will be promoted. All of petitioner's 12 witnesses reside in San Diego County; 9 of them reside in the City of San Diego. Petitioner alleges also that none of the witnesses to the facts constituting grounds for divorce reside in San Francisco County. The distance from where the witnesses reside to the City and County of San Francisco is approximately 525 miles. It is apparent that all of petitioner's witnesses will be inconvenienced by the necessary travel from this distance. Real party in interest complains that petitioner's affidavit does not show facts from which the inconvenience of each witness can be determined. When all are affected by the same condition of inconvenience, a requirement such as that urged would merely produce repetitious averments.

Real party in interest next complains that inconvenience cannot be presumed from distance. We think it is a most reasonable and natural inference. (*J. C. Millett Co.* v. *Latchford-Marble Glass Co.*, 167 Cal.App.2d 218, 227 [334 P.2d 72].) In addition, petitioner's supplemental affidavit alleged that it would be inconvenient for the witnesses to travel such a great distance and that such travel entailed expense which most of the witnesses would be unwilling to pay.

The real party in interest also contends that the affidavits supporting petitioner's motion do not set forth the expected testimony of the witnesses with particularity. Since the purpose of the affidavit is to enable the court to determine whether the expected testimony is material, it is proper to aver the substance of such testimony. (*Edwards* v. *Pierson*, 156 Cal.App.2d 72, 75 [318 P.2d 789].) While the affidavit of petitioner's counsel sets forth merely the general subject matter of the testimony and may therefore be defective in

this respect, petitioner's supplemental affidavit does allege the expected testimony of the witnesses in substance.

The counteraffidavit of the real party in interest makes absolutely no showing that he has any witness in the City and County of San Francisco who will be inconvenienced by a trial in San Diego County or whose convenience will be subserved by having a trial in San Francisco. In fact, such affidavit makes not even the slightest attempt to give the name of a single witness. Nor does it deny petitioner's averments in respect to the names and addresses of petitioner's witnesses or the substance of their testimony. ▆▆▆ It is clear that no conflict of evidence was presented to the trial court.

▆▆▆ From petitioner's above affidavits, it can be reasonably concluded that the ends of justice will be promoted by moving the trial to the county where all the witnesses reside. Real party in interest contends that the affidavits are silent on this phase of the motion. As was stated in *Harden* v. *Skinner & Hammond, supra,* 130 Cal.App.2d at page 755: "But this does not mean that there must be direct evidence on that issue. The trial court may rely not only on the direct facts set forth in the affidavits, but also on any reasonable and relevant inference arising therefrom. (*Benjamin* v. *Benjamin,* 128 Cal.App.2d 367 [275 P.2d 43].)" It appears to us that delays will be avoided by having the trial closer to the witnesses. Their personal attendance can be compelled. (Code Civ. Proc., § 1989.) They can easily be recalled or, where their attendance has been compelled by subpoena, can be held subject to call under appropriate directions of the court. "The obvious savings in the witnesses' time and expense in traveling to and from the place of trial also promotes the ends of justice." (*Harden* v. *Skinner & Hammond, supra,* 130 Cal. App.2d at p. 755.) On this second aspect of the motion, the affidavit of the real party in interest makes no showing. It contains no allegations giving rise to any valid or logical inference that the ends of justice would not be promoted by the change. ▆▆▆ Therefore, no conflict was presented to the trial court on this issue either.

▆▆▆ We now examine the second grounds upon which petitioner's motion was made, namely, that she "is a resident of San Diego County and the ends of justice will be promoted by transferring the cause to said County."

Section 397 of the Code of Civil Procedure provides in relevant part as follows: "The court may, on motion, change the

place of trial in the following cases: . . . 5. When an action for divorce has been filed in the county in which the plaintiff has been a resident for three months next preceding the commencement of the action, and the defendant at the time of the commencement of the action is a resident of another county in this State, to the county of the defendant's residence, when the ends of justice would be promoted by the change. . . ."

Petitioner's affidavit dated September 7, 1961, filed with her motion alleges that petitioner and her husband made their home in San Diego from 1957 until April or May 1960 when the husband left; that petitioner continued to reside in San Diego County "and still resides there with the minor children of the parties"; that prior to 1957 the parties made their home in Los Angeles County; that none of the witnesses to the facts constituting the grounds for divorce reside in the City and County of San Francisco. The above are followed by averments to the effect that if the action is maintained in San Francisco, substantial traveling expenses will be incurred by petitioner for herself and her two children; that her children, ages 2 and 4 years, have been in her custody since birth and that the required travel to San Francisco for the children will cause them extreme hardship.

The affidavit of the real party in interest does not deny any of the above allegations. It alleges that the husband moved to San Francisco in February 1960. Presumably San Francisco was never the marital domicile of the parties. The husband avers that he went to San Francisco alone to find a place to live and a location for his art gallery; that the parties decided to purchase an apartment building in San Francisco and put their La Jolla residence up for sale; that after a return visit to La Jolla, the husband "paid $10,000 for an option to purchase the property with an agreement to complete the down payment when my home in La Jolla was sold"; that in September or October 1960, he learned for the first time that his La Jolla residence had been taken off the market and was then advised by petitioner that she would not move to San Francisco; that his option to purchase the apartment will expire in May 1962. Nowhere does this affidavit allege that the husband has been or is in business in San Francisco or give the location of any such business; nowhere does it state whether or not he is employed in this area; nowhere does it state that he will be inconvenienced by a change of venue to San Diego or that his business, if any, will be inconvenienced.

In addition, our views hereinabove set forth in connection with the convenience of witnesses (Code Civ. Proc., § 397, subd. 3) that the ends of justice will be promoted, apply here in connection with petitioner's assertion as separate grounds under subdivision 5 of section 397 "that the ends of justice would be promoted." The showing petitioner has made under subdivision 3 also constitutes a part of her showing under subdivision 5. What promotes the ends of justice under the former, promotes the ends of justice under the latter. Supplementing such showing are considerations not permissible under the former: the fact that the expense and hardship of travel for petitioner and her two small children are avoided; and that the children are accessible to the court's examination, if required, without being taken from their usual residence.

 We are of the opinion that in respect to the grounds of the motion asserted under subdivision 5 of section 397, there was also no conflict of evidence.

The record of the proceedings below attests to the commendable patience and conscientiousness of the trial court in this obviously discordant litigation. Nevertheless, with the court's disposition of the matter of venue we must disagree, since we are of the opinion that, on the record presented, the denial of petitioner's motion for a change of venue on both the ground set forth in subdivision 3 and the ground set forth in subdivision 5 of section 397 was a clear abuse of discretion.

Let a peremptory writ of mandate issue requiring the respondent Superior Court of the State of California in and for the City and County of San Francisco to vacate and set aside that certain order denying petitioner's motion for change of venue from the City and County of San Francisco to the County of San Diego and to grant said motion upon both grounds therein stated.

Bray, P. J., and Tobriner, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied March 7, 1962.