[Civ. No. 32140. Second Dist., Div. Four. Feb. 15, 1968.]

UNION TRUST LIFE INSURANCE CO., Petitioner, v. THE SUPERIOR COURT OF VENTURA COUNTY, Respondent; RONALD B. ROWE et al., Real Parties in Interest.

Alexander, Inman & Fine and Maurice C. Inman, Jr., for Petitioner.

No appearance for Respondent.

Robert J. North for Real Parties in Interest.

McCOY, J. pro tem.*—This is a proceeding in mandamus to compel the Superior Court of the County of Ventura to

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

vacate and set aside its order denying a motion for change of venue and to order a change of venue to Los Angeles County.

Petitioner is the defendant in an action filed in Ventura County by Ronald S. Rowe and Eileen V. Rowe in November 1966 based upon a ''Hospital, Nurse, Medical and Surgical Expense Policy'' of insurance issued by petitioner to plaintiffs in June 1963. It is alleged in the complaint that on or about March 25, 1965, Eileen V. Rowe was admitted to Glendale Sanitarium & Hospital for surgery; that she remained in said hospital until May 6, 1965, at which time she was discharged; that during the alleged hospitalization, plaintiffs incurred hospital and doctor bills in the total sum of approximately $6,969.45; that said defendant should indemnify plaintiffs under said policy for said sum which they seek to recover from petitioner in the lawsuit. The principal defense is that the aforementioned hospitalization of Eileen V. Rowe was precipitated by a sickness which was incurred prior to the issuance of the policy in question and therefore was not covered by the provisions of the policy; that plaintiffs concealed facts within their knowledge relating to their past and present condition of health which were material to the risk to be insured against, and that petitioner would not have issued the policy had it known said facts.

A motion by petitioner for change of venue, made upon the ground that the action had not been commenced in the proper court, was denied in March 1967. Thereafter petitioner filed its answer. Petitioner then filed the within motion for change of venue to Los Angeles County on the ground that the convenience of witnesses and the ends of justice would be promoted thereby.

The motion was based solely on the supporting declaration of petitioner's attorney in which he sets forth the names, addresses, occupations and places of employment of three witnesses to be called by defendant to testify in its behalf, together with the nature of the testimony that will be given by each. It is there alleged that H. Hand, Jr., resides in Los Angeles; that he is employed by Signet Insurance Agency, Inc., located in Los Angeles, and is an independent soliciting agent of insurance; that this witness will testify that on June 9, 1963, he took the application of plaintiffs for the insurance policy in question; that at said time, he read to the plaintiffs each question on the application dealing with their prior medical history and recorded their answers verbatim upon said

application for insurance; that plaintiffs did not mention Mrs. Rowe's prior operations. It is further alleged that "Mr. Hand is under a doctor's care and receives daily medication. It is impossible for Mr. Hand to drive the distance to Oxnard due to the physical strain such a drive would cause. It is clear that due to his work and his poor health, his convenience would not be promoted by requiring him to travel to Ventura County."

The second witness named in the declaration is Dr. E. G. Marcus, alleged to be a practicing physician who resides in LaCanada and maintains offices in Glendale, both in Los Angeles County. It is alleged that this witness is the doctor who has treated Eileen V. Rowe for over 16 years; that he is completely appraised of her entire medical history and will testify that she had suffered from genitourinary disorders for some time prior to the signing of the application for the insurance policy in question.

It is alleged that the third witness, Miss Benson, resides in Glendale and is employed as Medical Records Librarian of Glendale Adventist Hospital, formerly Glendale Sanitarium & Hospital, the institution where Mrs. Rowe has been hospitalized on numerous occasions; that said witness has complete control and custody of all records of said institution and will be called to produce and identify hospital records, which will show Mrs. Rowe's prior medical history and hospitalizations.

In opposition to the motion, plaintiffs filed the declaration of their attorney. In this declaration it is not denied that the persons named would be witnesses or would testify to the facts related; nor is there a denial of the allegations with respect to the places of residence or the nature and places of employment of said witnesses. It is nowhere indicated whether plaintiffs' witnesses would be inconvenienced if the change were ordered. In fact, the declaration does not set forth the name of a single witness whom plaintiffs intend to call. It is stated that plaintiffs offer to stipulate to the admission of the hospital records of Glendale Adventist Hospital, thus eliminating the necessity for the attendance of the medical records librarian, the third witness above mentioned, and the production and identification of such records by her. As to Mr. Hand, it is stated that he "is the same H. Hand, Jr. alleged to be the general agent of the defendant insurance company in paragraph 11 of the first amendment to plaintiffs' complaint" and it is argued that, as an agent or employee of

defendant, his convenience is not to be considered. With regard to Dr. Marcus it is contended that any inconvenience will be slight. This contention is based upon affiant's estimate of the travel time between the doctor's office or home in Los Angeles County to the court in Oxnard, Ventura County. It is further alleged that on July 6, 1967, affiant had telephone conversations with the calendar clerks of the Superior Courts of both Ventura and Los Angeles Counties ''concerning the time lag between setting and trial date in these two Counties. He found that as of that date, the time lag in Los Angeles County was 20 percent greater than in Ventura County.'' It is also stated that the mileage between Oxnard Superior Court and the residence of Mr. Hand and Dr. Marcus is such as to permit these witnesses to be subpoenaed and ''as shown by the relative [*sic*] small difference in travel time, they can be recalled as easily in Oxnard as in Los Angeles and with slight, if any, difference in time, expense and convenience to them.''

After a hearing, on the above showing, the court denied the motion for change of venue. In a memorandum of opinion the court indicates that it was concerned primarily with the question of the ''interests of justice'' and that this ''turned mainly on whether there would likely be a substantial disparity of time as between the two jurisdictions when the case could get to trial on the merits.'' It appears from the court's memorandum of opinion that before ruling on the motion the court contacted the calendar clerks in Ventura and Los Angeles Counties and, after considering trial setting procedures in the respective counties, concluded that on the question of interest of justice ''things are about a standoff as between the two jurisdictions.'' With respect to the matter of ''convenience of witnesses'' it is stated in said memorandum opinion only that ''I can see no substantial advantage to defense witnesses having the case in Los Angeles rather than in Ventura County. Time and expense factors appear to be fairly even despite the Ventura court being a little more distant. I consider the sides at about a standoff on this point as well.'' The court then concluded: ''Since it has been determined that the proper venue, other than from the standpoint of the convenience of witnesses and the ends of justice, is in Ventura County, and since I feel that neither element will be better promoted by changing the place of trial, I make the determination that the motion should be denied.''

Section 397, subdivision 3, of the Code of Civil Procedure provides that the court may, on motion, change the place of trial "[w]hen the convenience of witnesses and the ends of justice would be promoted by the change." ■ It is well settled that the granting or denying of such motion is discretionary with the trial court and is subject to reversal only on a clear showing of an abuse of discretion. (*Harden* v. *Skinner & Hammond,* 130 Cal.App.2d 750, 754 [279 P.2d 978].)

■ However, as stated in *Pearson* v. *Superior Court,* 199 Cal. App.2d 69, 78 [18 Cal.Rptr. 578] : "Where there is a showing that the convenience of witnesses and the ends of justice will be promoted by the change and there is absolutely no showing whatever to the contrary, a denial of the motion to change venue is an abuse of discretion, there being no conflict of evidence to sustain the decision of the trial court." ■ Convenience of the parties is not to be considered in the absence of unusual circumstances of hardship. (*Wrin* v. *Ohlandt,* 213 Cal. 158, 160 [1 P.2d 991] ; *Mettler* v. *Hedley,* 170 Cal.App.2d 277, 282 [338 P.2d 489].) No such circumstances are shown here. ■ The burden of making a sufficient showing is on the moving party (*Barnett* v. *United Oil Co.,* 5 Cal.App.2d 175, 178-179 [42 P.2d 656]), and he "must stand upon the strength of his showing rather than upon the weakness, if any, of the opposition" (*Chaffin Constr. Co.* v. *Maleville Bros.,* 155 Cal.App.2d 660, 664 [318 P.2d 196]).

■ The moving declaration sufficiently sets forth the names and addresses of three witnesses who will testify on behalf of petitioner, and shows that their proposed testimony will be material and relevant to issues in the case. These allegations are not contradicted. Thus, the question is whether, upon the showing made by petitioner as to the convenience of these witnesses and the ends of justice, the trial court could reasonably conclude that petitioner had not sustained its burden (see, 1 Witkin, Cal. Procedure (1954) Actions, § 267, p. 788), and whether such showing was sufficiently contradicted by the record before it to allow the trial court to exercise its discretion (*Mettler* v. *Hedley, supra,* 170 Cal.App.2d 277, 282.)

As noted above, the only showing made in support of the motion is to be found in the declaration of petitioner's attorney. With reference to Dr. Marcus, the declarant there says that "by reason of the importance of his work and profession, his daily presence in Los Angeles is required and necessary;

and his convenience would not be promoted by requiring him to leave the locality where his duties require his attention, during the progress of the trial of this action.'' This statement, which is no more than the declarant's conclusion, is not supported by any factual showing emanating from Dr. Marcus.

The statements in the declaration with reference to Mr. Hand are similarly no more than the conclusions of the declarant. There is no declaration by Mr. Hand or by any qualified medical expert with reference to Mr. Hand's physical condition or his supposed inability to drive to Oxnard in Ventura County to testify.    We can take judicial notice that the medical diagnosis of a lawyer is not always reliable.    In the absence of any factual showing, the trial court could properly disregard the conclusions of the declarant and find that Mr. Hand was well enough to make the relatively short journey to Ventura County. Perhaps the court was persuaded to make such a finding by the further statement in the declaration that Mr. Hand is now an independent soliciting agent for an insurance company and, as such, ''spends all of his available time toward the pursuit of his livelihood.''

   Finally, since plaintiffs have offered to stipulate to the admission of the hospital records, there will be no need for an authenticating witness and the convenience of the medical records librarian need not be considered. (*Harden* v. *Skinner & Hammond, supra,* 130 Cal.App.2d 750, 754.)

   We are satisfied that the trial court did not abuse its discretion in concluding, on the record before it, that petitioner had not met the burden imposed on it by section 397 of the Code of Civil Procedure. In such a case as this the concern of the trial court with the comparative congestion of the court calendars in Ventura and Los Angeles Counties has no bearing on the question of convenience of witnesses. (*Peiser* v. *Mettler,* 50 Cal.2d 594, 612 [328 P.2d 953, 74 A.L.R.2d 1].)

The alternative writ is discharged and the petition for a peremptory writ is denied.

Files, P. J., and Jefferson, J., concurred.